**Dwight Aubrey MARTIN**

v.

**M. NEUSCHEL, Clerk, Local Board No. 136, Appellant.**

**No. 17169.**

United States Court of Appeals Third Circuit.

Argued June 3, 1968.

Decided June 28, 1968.

Ralph A. Fine, Appellate Section, Civil Division, Dept. of Justice, Washington, D. C. (Edwin L. Weisl, Jr., Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., Morton Hollander, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellant.

Donald W. Kramer, MacCoy, Evans & Lewis, Philadelphia, Pa., for appellee.

## OPINION OF THE COURT

Before HASTIE, Chief Judge, and STALEY and SEITZ, Circuit Judges.

PER CURIAM.

This appeal has been taken from a final order of the district court requiring the clerk of a local selective service board to disclose to the plaintiff, one of that board's registrants, specific requested information, including the home address of each member of the board. The procedural history of the case is determinative of our ruling as to the proper disposition of this appeal.

The complaint recited a demand by the plaintiff upon the defendant, as the clerk of his draft board, for specific information about the several members of the board and the failure of the defendant to supply some of that information, including home addresses.[1] The plaintiff also pleaded regulations requiring, among other qualifications, that each board member reside in the county within which his board has jurisdiction. He alleges further that "within the last 18 months" the board has been illegally constituted because of the residence of at least one of its members outside of the county and that the plaintiff is unable to determine whether the board is legally constituted now.

The complaint predicated the plaintiff's right to the demanded information upon the public information section of the Administrative Procedure Act, 81 Stat. 54, 5 U.S.C. § 552, and the provisions of section 1361 of title 28, United States Code, authorizing relief in the nature of mandamus where a federal officer has failed to perform a clear duty owed to an individual.

To this complaint the defendant filed a motion to dismiss. The motion included a specific request for the "usual 60 days within which to answer" the complaint, if the motion should be denied.

This motion was argued promptly and in regular course. At the conclusion of the argument the court did not grant or deny the motion but, on its own motion, entered a final order granting the relief sought in the complaint.

 Apparently, the court was perturbed that a public agency exercising great power over an individual should withhold from him simple factual information which would enable him to know whether the agency is so constituted as to make its acts lawful. However, the government and its officers, as well as private citizens, are entitled to due and regular process in the pleading, hearing, consideration and disposition of litigated claims. The fact that a court doubts that a public officer can justify acts complained of does not warrant a denial of the right to plead whatever defense he may and to have the merits of the controversy decided in regular course.

The judgment will be vacated and the cause remanded for further litigation and disposition in accordance with regular and prescribed procedure.

---

1. At argument it appeared that only the demand for home addresses is being resisted.