**UNITED STATES of America, Plaintiff,**

v.

**David William KAUL, Defendant.**

**Crim. No. 42836.**

United States District Court
N. D. California.

Oct. 28, 1969.

**830**

Cecil F. Poole, U. S. Atty., F. Steele Langford, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Mamakos & Mallick, San Francisco, Cal., for defendant.

## MEMORANDUM OF DECISION

GEORGE B. HARRIS, Chief Judge.

Defendant, David William Kaul, was charged in an indictment by the United States Grand Jury for the Northern District of California with a violation of the Selective Service Act (Title 50 Appendix, U.S.Code, Section 462), refusal to submit to induction into the Armed Forces. This matter is before the court on defendant's motion for judgment of acquittal after a trial without a jury on October 14, 1969. It originally came before the court on defendant's motion for dismissal which was heard and taken under submission by the Honorable Stanley Weigel. On September 12, 1969 Judge Weigel denied the motion without prejudice to renewal at trial. Said motion was not renewed at trial. Instead, defendant chose to proceed to trial on the merits.

### Factual Background

The defendant, David William Kaul, first registered under the Act on August 5, 1965, two days after his eighteenth birthday. His registration was with Selective Service Local Board Number 23 in Sacramento, California. There-

after, the defendant was classified II–S, student deferred, while he attended college. On May 14, 1968 Local Board 23 classified the defendant I–A. On July 18, 1968 the defendant was ordered to report for induction. On August 8, 1968, for the first time, he requested and received S.S.S. Form 150 for conscientious objectors. This form was returned by the defendant on August 13, 1968. The following day, August 14, 1968, the defendant refused to submit to induction. His application for conscientious objector status was reviewed by Local Board No. 23 on August 16, 1968 and the board refused to reopen his classification of I–A.

Prior to trial, opposing counsel entered two stipulations. The first stipulation recited the fact that, at all times relevant to these proceedings, Local Board 23 was made up of a majority of members who resided outside the jurisdictional boundaries of the local board but within the boundaries of Sacramento County. The second stipulation was that Local Board No. 21 had three members and Local Board No. 22 had four members living within the boundaries of Local Board 23 at all times pertinent to this lawsuit. These two local boards, together with Local Board No. 23, make up the three local boards in Sacramento County.

### Issues Presented

Defendant makes two contentions: First, that there was no basis in fact for the refusal of the local board to reopen his classification in light of his S.S.S. Form 150. Secondly, that the local board lacked jurisdiction when it reclassified him I–A, ordered his induction and refused to reopen his classification. This latter contention is based upon the premise that, pursuant to 32 C.F.R. § 1602.-52 the members of the local board shall, if at all practicable, be residents of the area in which their local board has jurisdiction.

### Conclusion

■ Based upon the defendant's Selective Service file (Plaintiff's Exhibit

No. 1) and his testimony on the stand, the evidence is clear that the local board was acting within its sound discretion in refusing to reopen the matter and grant the defendant conscientious objector status. The evidence is abundant with respect to the Board's basis in fact for denying the requested classification. Defendant's testimony at trial was unconvincing, contradictory and of little probative value.

 With respect to the issue concerning the composition of the local board and the claimed lack of jurisdiction, the decision of the Honorable William T. Sweigert in United States v. Nussbaum, (N.D.Cal., October 22, 1969), 306 F.Supp. 66 (1969) is most persuasive. Although there is divided opinion on this issue,[1] this court subscribes to the reasoning adopted in the Nussbaum decision.

Accordingly, the court finds the defendant, David William Kaul, guilty as charged and the motion for judgment of acquittal must be, and the same hereby is, denied.

---

1. United States v. Beltran, 306 F.Supp. 385, Cr.No. 42330, N.D.Cal., 7/11/69; United States v. DeMarco, Cr.No. 42377, N.D.Cal. 7/30/69.