UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert James RIPPE, Defendant-Appellant.

No. 23524.

United States Court of Appeals,
Ninth Circuit.

Jan. 13, 1970.

Alan Saltzman (argued), Hollywood, Cal., for appellant.

Howard B. Frank (argued), Asst. U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and POWELL, District Judge.*

PER CURIAM:

Appellant failed to report for civilian work in lieu of induction into the military service in violation of an order of his Local Draft Board. He was classified 1–O. On June 12, 1967 the Local Board, at a meeting with a representative of the State Director, determined as follows:

"* * * The local board then determined that work as an Institutional Helper at the Los Angeles County Department of Charities, 1200 North State Street, Los Angeles, California 90033, is appropriate to be performed by the registrant and that such work is available." (P. 60, Exh. 1)

Thereafter the office of the National Director authorized the issuance of an order by the Local Board requiring the registrant Rippe to perform the type of civilian work deemed appropriate for him. On August 2, 1967 an order to report for civilian work was issued. On August 14, 1967 a letter was directed to Mr. Rippe to report for civilian work at the Los Angeles County Department of Charities. He failed to appear and did not report to receive instructions.

The principal contention of the appellant is that the order for induction was issued by the clerk and not by the board. She issued the order after communicating by telephone with the members of the board and thus received their authority to send the order. The clerk was merely confirming the vote rendered at the meeting previously held on June 12, 1967. There was no change. She was implementing the quoted determination set forth above.

This question of the authority to issue the order to report for civilian work has been determined adversely to the appellant in United States v. Stark, 9 Cir., 418 F.2d 901, decided by this Court en banc on November 28, 1969:

"Nevertheless we are of the view, and so hold, that where, as here (and in *Brede* [396 F.2d 155, 400 F.2d 599 (9 Cir. 1968)]), the board's determination includes not only the type of employment deemed appropriate but also the employer to whom the registrant is to report, the critical exercise of administrative judgment by the board has been made and an order to report to the specified employer (subject to authorization of the National Director) is implicit and the action of the clerk in issuing the order is merely ministerial implementation. To this extent *Brede* is hereby overruled."

The board's determination, which included the type of employment deemed appropriate and the name of the employer to whom the registrant was to report, constituted the exercise of administrative judgment by the board, and the order to report was issued as a ministerial duty of the clerk.

We do not find merit in any of the other claimed assignments of error.

We affirm.

---

* The Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.