UNITED STATES of America,
Appellee,

v.

Charles Douglas CHAUDRON, Appellant.

No. 19759.

United States Court of Appeals,
Eighth Circuit.

April 27, 1970.

Rehearing Denied May 22, 1970.

**606**

Francis L. Ruppert, Clayton, Mo., and Steven J. Hyman, New York City, on brief for appellant.

Robert B. Schneider, Asst. U. S. Atty., St. Louis, Mo., for appellee; Daniel D. Bartlett, Jr., U. S. Atty., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and GIBSON, Circuit Judges.

MATTHES, Circuit Judge.

Charles Douglas Chaudron was classified I–O, conscientious objector, by the Selective Service Appeal Board of the State of Missouri on October 28, 1966. On February 21, 1968, Local Board No. 220 in St. Louis County mailed appellant an order to report for civilian work in lieu of induction into military service. He is before us now on appeal from a conviction and sentence of five years imprisonment for violation of 50 U.S.C. App. § 456(j) by his willful and knowing failure to report in compliance with the Board's order. We affirm.

Five separate contentions are urged upon us, the sum total of which is that the February 21 order to report for alternative civilian employment is the product of an administrative process which did not comport with specific regulations in several particulars, each of which allegedly violated appellant's right to procedural due process and thereby rendered his order to report invalid. The nature of these challenges necessitates a summarization of the events leading up to the February 21 order, as reflected in appellant's Selective Service file which is a part of the record on appeal.

By letter of December 17, 1966, appellant informed Local Board No. 220 that he was then employed as a social caseworker for the New York City Department of Welfare. He requested that he be assigned to the same employment in fulfillment of his statutory obligation to perform civilian work contributing to the maintenance of the national health, safety, or interest, 50 U.S.C.App. § 456(j). Shortly thereafter, he was ordered to report for an Armed Forces Physical Examination on January 6, 1967. He failed to report, and the Clerk

of the Board advised him by letter of February 28, 1967, that he was eligible for assignment to appropriate civilian work. Enclosed in this letter was SSS Form 152, upon which a conscientious objector must indicate three approved types of work which he offers to perform. Appellant timely filed Form 152, but failed to indicate three types of work he was willing to perform, electing instead to designate only his present position.

On June 1, after reviewing appellant's file at the request of the Clerk, Lt. Col. Wilson, Deputy Director at Missouri Selective Service Headquarters, suggested that appellant's work offer could not be accepted, since "it is not the practice of local boards to order registrants to report for civilian work in lieu of induction into the same work assignments which they may have previously held * * *." Hence, he advised that the Board offer appellant three types of work pursuant to the regulatory procedure of 32 C.F.R. § 1660.20(b), and he set forth three work suggestions and approved agencies, including hospital work at the University of Kansas Medical Center, Kansas City, Kansas. By letter of July 12, the Clerk forwarded the same information to appellant. Within the requisite 10-day period, appellant declined to perform any of the three types of civilian work offered him.

In December, appellant wrote to the Board and inquired of his work assignment. The Clerk responded on December 22: "Assignment to your present position as Caseworker in the Department of Welfare, City of New York, as civilian work in lieu of induction, is deemed to be not acceptable." She further advised him that a meeting with a representative of the State Director, the Board, and himself was in order under the procedure of § 1660.20(c). Such a meeting was held January 4, 1968, with all necessary parties present. The Clerk made a record of the meeting, which in summary recites: (1) Prior to the meeting, the Board members reviewed the entire contents of

registrant's file; (2) Registrant was informed that approved employment was available to him at the University of Kansas Medical Center, Kansas City, Kansas; (3) Registrant would not offer to perform hospital work at the University of Kansas Medical Center in lieu of induction, and would not sign a statement that he would not offer to perform or agree to accept a civilian work assignment, because he had offered to perform civilian work as a caseworker in the Department of Welfare, City of New York.

On January 17, 1968, after receipt of proper authorization from National Selective Service Headquarters, the Clerk issued an order directing appellant to perform two years civilian work in lieu of induction at the University of Kansas Medical Center, Kansas City, Kansas, beginning on March 18.

On March 5, appellant wrote to the Board and set forth, at great length, his reasons for not accepting the work assignment at the University of Kansas Medical Center. Additionally, he requested the Board to reconsider its choice of work assignment. Appellant did not report for alternative civilian employment as ordered. The indictment, trial to jury, conviction, and appeal have ensued in due course.

I.

At the outset appellant contends that Local Board No. 220 abdicated its responsibility to act upon and either accept or reject his specified work choice and in turn to select three types of civilian work for submission to the registrant. He alleges that the Clerk, on the advice and recommendation of Lt. Col. Wilson, made these choices.

We begin with the observation that the authority to make certain judgmental decisions respecting the assignment of conscientious objectors to alternative civilian work in lieu of induction has been reposed by Selective Service law in the local boards. 50 U.S.C.App. § 456(j). 32 C.F.R. § 1660.20.

The record in this case fails to establish that Local Board No. 220, at any

formal meeting prior to January 4, 1968, acted upon appellant's request that he be assigned to the position of caseworker which he was then occupying, or that it designated the three types of civilian work which were transmitted to appellant by the Clerk in her letter of July 12. Contrary to appellant's assertion, however, it does not follow that this hiatus in the proof is fatal to his conviction.

■■ A plethora of regulations have been promulgated in the field of Selective Service law, delineating procedures whereby registrants are to be classified, processed, and inducted—or ordered to report for civilian work in lieu of induction. Members of draft boards and their clerks are not experts in Selective Service law. Thus, errors in processing a registrant for induction or alternative civilian work are not infrequent. As the Ninth Circuit observed in Oshatz v. United States, 404 F.2d 9, 12 (9th Cir. 1968): "Even the most casual glance at the case law will reveal a staggering array of deviations from the regulations which have been advanced as defenses to prosecutions for refusal to submit to induction." Consequently, courts have divided the waters of procedural irregularity: Those causing substantial prejudice to flow to the registrant are deemed to mandate sustainment of his defense. See, e. g., Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453 (1955); United States v. Rundle, 413 F.2d 329 (8th Cir. 1969); Oshatz v. United States, supra; Briggs v. United States, 397 F.2d 370 (9th Cir. 1968). Those less murky and not rising to the level of substantial prejudice are allowed to trickle off harmlessly. See, e. g., Welsh v. United States, 404 F.2d 1078 (9th Cir.), cert. granted, 396 U.S. 816, 90 S.Ct. 53, 24 L.Ed.2d 67 (1969); Edwards v. United States, 395 F.2d 453 (9th Cir.), cert. denied, 393 U.S. 845, 89 S.Ct. 128, 21 L.Ed.2d 115 (1968); Wills v. United States, 384 F.2d 943 (9th Cir. 1967), cert. denied, 392 U.S. 908, 88 S. Ct. 2052, 20 L.Ed.2d 1366 (1968); United States v. Sturgis, 342 F.2d 328 (3d Cir.), cert. denied, 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120 (1965). It is the accepted view that the registrant asserting prejudice has the burden of proving it. Fore v. United States, 395 F.2d 548, 554 (10th Cir. 1968); United States v. Spiro, 384 F.2d 159, 161 (3d Cir. 1967), cert. denied, 390 U.S. 956, 88 S.Ct. 1028, 19 L.Ed.2d 1151 (1968); Rowton v. United States, 229 F.2d 421 (6th Cir.), cert. denied, 351 U.S. 930, 76 S.Ct. 788, 100 L.Ed. 1460 (1956). We believe in this case that appellant has failed to carry that burden and that no prejudice has attached by any irregularity of procedure outlined in 32 C.F.R. §§ 1660.20(a) and (b).

We look to the date appellant received his order to report for civilian work at the University of Kansas Medical Center in order to determine whether prejudice existed. For if appellant was not prejudiced at that critical time, we would engage in an academic exercise to speculate whether or not he was prejudiced at any moment in time prior thereto. We find that, even before this crucial date, the Board had formally met and made all the critical decisions necessary to the validity of an order to report for civilian work. The Clerk's contemporaneous account of the details of the January 4, 1968, meeting clearly reveals that appellant restated again his firm desire to be assigned to civilian work as a caseworker in the Department of Welfare, City of New York. Section 1660.20(c) of the pertinent regulation indicates that this formal meeting is the final step in the procedure leading to selection of a type of work and a place of employment for the conscientious objector. A representative of the state director is obligated to attend, for the purpose of extending his assistance "in reaching an agreement." No limitation is made on what type of agreement may be reached, and thus the procedure would include the possibility that the parties might agree to a work assignment on which they were previously unable to agree. It was certainly within the power of the Board at this January 4 meeting to accept appellant's

work offer, if deemed to be appropriate, and assign him to that position.

■ It is manifest from the Clerk's record that the parties did not reach an agreement on the type and place of civilian work appellant would perform. Hence, appellant's offer of work was, in effect, deemed inappropriate by the Board and rejected. Work at the University of Kansas Medical Center was specifically deemed appropriate. The critical exercise of administrative expertise lodged in the Board had therefore been accomplished prior to the issuance of any order to report. The decision of the Ninth Circuit in Burton v. United States, 402 F.2d 536 (9th Cir. 1968), cert. denied, 393 U.S. 1089, 89 S.Ct. 877, 21 L.Ed.2d 783 (1969), is closely analogous and persuasive. The fact that the Board's decisions adhered to the recommendations made by the Missouri and National Selective Service offices is of no moment. Mang v. United States, 339 F.2d 369 (9th Cir. 1964) ; United States v. Lawson, 337 F.2d 800, 816 (3d Cir. 1964), cert. denied, 380 U.S. 919, 85 S. Ct. 913, 13 L.Ed.2d 804 (1965). Even if, as appellant claims, prejudice ensued after the decisions were made in 1967 by someone other than the Board, it was cured by the proper exercise of plenary power at the required reconciliation meeting of January 4. Thereafter, appellant cannot say that the Board did not act on his offer.

■ As to the alleged prejudice flowing from the selection of three work choices by someone other than the Board, we find additionally that appellant is hardly in any position to complain. Throughout the duration of the controversy over a work assignment, appellant manifested an intransigent attitude toward agreement on any choice of civilian work other than in his present employment as caseworker. There is not even the slightest indication that he would have agreed to perform any other type of work which might have been submitted to him pursuant to § 1660.-20(b). Moreover, at the time that he rejected the three work choices offered him, on July 20, 1967, he was not even aware of the fact that the Board had not formally met and selected the three choices, since the Clerk's letter of July 12 ended with the statement "BY DIRECTION OF THE LOCAL BOARD." Under these circumstances, we find no merit to appellant's claim of prejudice. Yaich v. United States, 283 F.2d 613, 620 (9th Cir. 1960).

## II.

■ Appellant next complains because his letter of March 5, 1968, in the nature of a request for reconsideration of his assignment to the University of Kansas Medical Center was never presented to the Board prior to the date he was due to report. He asserts that the Board was under a *duty* to consider this request and arrive at a decision either granting or denying the relief sought. The breach of that duty is said to be violative of due process, requiring a reversal of his conviction. We cannot agree.

Appellant has directed our attention to no authority specifically supporting his contention. The only regulation cited is 32 C.F.R. § 1625.2, dealing with the reopening of a registrant's *classification* after the local board has mailed an order to report for civilian work, but only if there has been a change in the registrant's status resulting from circumstances over which he had no control. At least one other Circuit has held that the failure of a local board to even consider an application for a change in classification, made after issuance of an order to report for induction but being simply repetitive of an earlier and rejected application, without alleging any new circumstances or facts, nevertheless violates substantial procedural safeguards. United States v. Shermeister, 425 F.2d 1362 (7th Cir. Jan. 21, 1970). But, even were we to subscribe to that precise principle, it is not at all analogous to the present factual pattern. Here, we have no request to reopen and reconsider the classification of a

registrant.[1] Rather, we have only a belated request to reconsider a prior refusal by the Board to assign appellant to particular civilian work. Unlike the situation with a request to reopen a classification, no additional rights would accrue here if the Board had met, considered the request of appellant, and dismissed it out of hand.[2]

Nothing new or material was presented in appellant's March 5 letter. His plea had previously been considered by the Board at the January 4 meeting. He has shown no prejudice from the action complained of.

### III.

The next two arguments urged upon us are directed toward a challenge of the jurisdiction of Local Board No. 220 to order appellant to report for alternative civilian service. Appellant's original classification questionnaire, dated October 31, 1961, is stamped with the stamp of Local Board No. 100. His Selective Service number reads 23–*100*–43–1270 on that document, thus indicating, per 32 C.F.R. § 1621.3(a), that he was registered with Board No. 100. Thereafter, all material in appellant's file, beginning with a student certificate SSS Form No. 109 received on October 8, 1963, is marked and stamped by Local Board No. 220, whose listed address is identical to that of Board 100. All subsequent correspondence is directed to Board No. 220, and all references to appellant's Selective Service number as made by the Board is to 23–*220*–43–1270. The SSS Form 153, Order to Report for Civilian Work and Statement of Employer, sent to appellant on February 21, 1968, is so marked.

From these facts, appellant argues that the government had the burden of showing at trial the circumstances by which Local Board No. 220 acquired jurisdiction over him. Since no such evidence was adduced, he concludes that Board No. 220 had no jurisdiction to issue the order to report for civilian work.

█ Appellant admits that this is a novel point upon which no case in point has been found. We believe he is in error in the legal conclusions he would draw from the admitted facts. When the record is barren of any contrary evidence, there is a rebuttable presumption in favor of the regularity of board proceedings. ˙ Rhyne v. United States, 407 F.2d 657, 660–661 (7th Cir. 1969); Greer v. United States, 378 F.2d 931, 933 (5th Cir. 1967); Keene v. United States, 266 F.2d 378, 380 (10th Cir. 1959). And, the burden of showing any procedural irregularity giving rise to substantial prejudice properly rests upon the registrant-defendant, not upon the government. Little v. United States, 409 F.2d 1343, 1345 (10th Cir. 1969); United States v. Sandbank, 403 F.2d 38, 40 (2d Cir. 1968), cert. denied, 394 U.S. 961, 89 S.Ct. 1301, 22 L.Ed.2d 562, (1969); Lowe v. United States, 389 F. 2d 51 (5th Cir. 1968).

Here, all we have are a few early documents in appellant's file which were stamped by one local board, with corresponding registration number assigned to appellant, while all later documents were stamped by another board, with their appropriate registration number. Standing alone, this is not proof of irregularity. No exclusive inference or deduction of procedural violation arises from this fact. Obviously, the evidence

1. Appellant specifically disavows any such interpretation of his March 5 letter. Nor does he suggest that any formal procedure is required, except that the Board give "serious consideration" to his request.

2. The *Shermeister* decision placed considerable emphasis on 32 C.F.R. § 1625.11, which provides that the reopening of a registrant's file, followed by a denial of the requested classification, amounts to a "new" classification to which the normal appeal rights attach. See United States v. Freeman, 388 F.2d 246, 249 (7th Cir. 1967). Hence, *Shermeister* concluded that the failure of the local board to even consider the registrant's second application for conscientious objector status, submitted to the clerk on the day set for the registrant's induction, "could have effectively denied his right of appeal."

on this issue was not fully developed. What little we have is susceptible to an interpretation of *either* irregularity or regularity of procedure.[3] Hence, the presumption in favor of the regularity of board actions must take hold here and defeat appellant's claim, particularly since the Clerk testified on direct examination that appellant was a registrant of Board No. 220.

### IV.

■ The source of appellant's fourth argument is a stipulation of the parties that two of the four members of Board No. 220, who attended the January 4 meeting with appellant, did not live within the area of jurisdiction of Board No. 220, but within the jurisdiction of Board No. 100. Our attention is directed to 32 C.F.R. § 1604.52(c), which reads: "The members of local boards shall be citizens of the United States who shall be residents of a county in which their local board has jurisdiction and who shall also, if at all practicable, be residents of the area in which their local board has jurisdiction." Appellant argues from this provision that, inasmuch as the government failed to show the impracticability of appointing members residing within the jurisdiction of Board No. 220, the Board was without jurisdiction to issue his order to report for civilian work. We disagree.

Appellant relies particularly on two district court cases from California where registrants were acquitted on proof of the defense urged here. United

States v. Machado, 306 F.Supp. 995 (N. D. Cal. 1969); United States v. Beltran, 306 F.Supp. 385 (N.D. Cal. 1969). Accord, United States v. DeMarco, 2 SSLR 3204 (N.D. Cal. 1969). See also United States v. Hinch, 292 F.Supp. 696 (W.D. Mo. 1968) (dictum); Martin v. Neuschel, No. 68–301 (E.D. Pa.), vacated on other grounds, 396 F.2d 759 (3d Cir. 1968). Other decisions from the Northern District of California have taken a diametrically opposite approach. United States v. Nussbaum, 306 F.Supp. 66 (N. D. Cal. 1969), appeal pending; United States v. Kaul, 305 F.Supp. 829 (N.D. Cal. 1969).

The argument made here has recently been considered and rejected by two other Circuits. Czepil v. Hershey, 425 F.2d 251 (7th Cir. March 12, 1970); United States v. Brooks, 415 F.2d 502 (6th Cir. 1969).[4] See also Clay v. United States, 397 F.2d 901 (5th Cir. 1968), remanded on other grounds *sub nom.* Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969); Jessen v. United States, 242 F.2d 213 (10th Cir. 1957). We agree with *Czepil* and *Brooks* that the requirement of 32 C.F. R. § 1604.52(c) that, "if at all practicable," board members reside in the jurisdictional *area* of their board is directory rather than mandatory. Since it is conceded that all members of Board No. 220 were residents of St. Louis County, then it was at least a *de facto* board, and the residential qualifications of its members are not subject to collateral attack by way of defense to a refusal-to-report indictment.

---

3. It is consistent with the paucity of evidence here that, as appellant states, a procedural irregularity in the cancellation of duplicate registration certificates might have occurred. See 32 C.F.R. § 1619.12–1619.18. But, it is likewise consistent with the meager evidence presented that the geographical area encompassed within the jurisdiction of Board No. 100 might have been subdivided by the Missouri Director of Selective Service sometime subsequent to 1961, perhaps because the population had become excessive, and a portion of that Board's registrants allocated to newly created Board No. 220. See 32

C.F.R. § 1604.51. In the latter instance, no regulation appears to require the file of any transferred registrant to show the reassignment to another board, and hence no irregularity would arise from the absence of such a record. In the former instance, the cancellation of a duplicate registration certificate must be evidenced in the registrant's file, 32 C.F.R. § 1619.18.

4. The Fourth Circuit recently recognized the issue but found it unnecessary to decide, in United States v. Bowen, 421 F.2d 193 (4th Cir. 1970).

## V.

Appellant finally contends that the district court erred in admitting into evidence, over his objection, a memorandum signed by three members of Board No. 220 and entered into appellant's Selective Service file on November 7, 1968. The memorandum states that the Board reviewed appellant's file and noted for the record a few occurrences at the previous January 4 meeting which had escaped mention in the Clerk's contemporaneous and summary account of what transpired at that time. The notations indicate that the Board specifically directed the Clerk to apply for and issue SSS Form 153, Order to Report for Civilian Work and Statement of Employer.

 Appellant's argument is that, absent the notations in the memorandum, no specific Board authority exists to support the Clerk's issuance of the order to report for civilian work. Reliance is placed on Brede v. United States, 396 F. 2d 155, modified on rehearing, 400 F.2d 599 (9th Cir. 1968). Significantly, that part of *Brede* relied upon was expressly overruled by the Ninth Circuit in its en banc decision of United States v. Stark, 418 F.2d 901 (9th Cir. 1969). See United States v. Rippe, 422 F.2d 867 (9th Cir. 1970). We believe the holding in *Stark* is applicable here, and we therefore adopt it. Even without resort to the controverted Board memorandum of November 7, the Clerk's record of the January 4 meeting clearly reveals that the Board exercised its administrative expertise in determining one particular civilian employment to be appropriate for appellant to perform. The actions of the Clerk subsequent to this meeting, including issuance of the order to report, amount to mere ministerial implementation in consonance with the Board's implicit direction. Hence, appellant's contention is misplaced.

In summary, appellant has not been deprived of due process at the local board level. His order to report of February 21 is valid. As we view this record, his conviction is attributable to an unbending and adamant refusal to accept any civilian employment except that of his own choosing.

Affirmed.