**UNITED STATES of America**

v.

**Marion Vaughn GRIFFIN.**

**Crim. No. 69–250.**

United States District Court,
E. D. Pennsylvania.

March 18, 1971.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

James W. Tracey, III, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VAN ARTSDALEN, District Judge.

The defendant, Marion Vaughn Griffin, was tried before the court on March 1, 1971, on a waiver of jury trial. The charge is set forth in a one count indictment under 50 U.S.C. App. § 462—failing to perform a duty required by the Selective Service Act by refusing to submit to induction into the Armed Services. To this charge, the defendant is found "guilty".

### FINDINGS OF FACT

1. The defendant first registered his SSS Form 100 with the local board on May 13, 1964. This form was returned to the registrant for completion and was subsequently returned to the local board on May 25, 1964. Also filed on May 25, 1964, was the defendant's SSS Form 150, claiming conscientious objector status.

2. On July 15, 1964, the local board, without stating any reason, rejected the defendant's application for conscientious objector status and classified him I–A. The defendant did not contest his classification through the administrative procedures available. On August 16, 1965, the defendant was examined and found acceptable for service.

3. On September 16, 1965, the defendant was ordered by the local board to report for induction on October 4, 1965, at Fairmont, West Virginia. The defendant reported for induction but refused induction stating, "I refuse to be inducted into the Armed Forces of the United States on the basis of my religion."

4. After the defendant's refusal to submit to induction, the National Director of Selective Service, in his discretion, appealed the defendant's I–A clas-

sification to the Appeals Board. On May 19, 1966, the Appeals Board tentatively rejected the defendant's request for a I–O classification and requested that the Department of Justice give an advisory recommendation upon its review of the complete file.

5. As part of the Department of Justice's review, a hearing was scheduled and on December 4, 1967, the defendant appeared before a Hearing Officer in Media, Pennsylvania. While the report of that Hearing Officer was not made part of the record, a memorandum prepared by the Justice Department (Conscientious Objector Section) contains an analysis of some of the pertinent findings of the Hearing Officer. This report, prepared on March 6, 1968, stated:

"The Department of Justice concludes that the registrant is not sincere in his claim and recommends to your board that his conscientious objector claim be not sustained and that he be not classified in Class I–0 or in Class I–A–O."

This report was forwarded to the Appeals Board of the Northern District of West Virginia which subsequently rejected the defendant's request for a conscientious objector classification.

6. On May 29, 1968, the defendant was ordered to report for induction on June 17, 1968. However, he requested transfer to Philadelphia, Pennsylvania, as a result of which on July 9, 1968, he was ordered to report for induction at 401 N. Broad Street, Philadelphia, Pennsylvania, on July 19, 1968. On July 19, 1968, the defendant again refused induction into the Armed Services. This refusal to be inducted into the Armed Services resulted in the present indictment for failing to perform a duty as required under the Selective Service Act.

## DISCUSSION

■ The defendant contends that he is not guilty of the offense charged because he was improperly denied conscientious objector status. He alleges that the local board and the Justice Department refused the I–O status based on improper considerations.[1] Since the indictment arises from the defendant's refusal to be inducted on July 19, 1968, it is the Department of Justice's recommendation to the Appeals Board which is relevant to this case.

This recommendation, which reviewed the hearing officer's report, concluded that the defendant's claim was based solely upon his asserted religious status as a Jehovah's Witness and that the defendant did not meet his burden of proving a personal conviction sufficient to establish a I–O status separate from this alleged religion because he did not have the ability to formulate a set of beliefs

---

1. There is some question in this case whether Mr. Griffin is barred from attacking the validity of his classification because he did not exhaust his administrative remedies by appealing the local board's decision rejecting his application for a I–O status. The Third Circuit, in interpreting the Supreme Court's language in McKart v. United States, 395 U.S. 185, 198, n. 16, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), has held that a registrant's failure to exhaust his administrative remedies after the rejection of an application for conscientious objector status bars the registrant's raising a defense attacking the validity of his classification at the trial court level. Only where an appeal from the local board decision "would be futile, self-defeating or judicially wasteful" will the abandonment of this administrative procedure be justified. United States v. Zmuda, 423 F.2d 575, 761 (3rd Cir. 1970), cited in United States v. Deans, 436 F.2d 596, 600 (3rd Cir. Filed January 6, 1971).

It is apparent from Mr. Griffin's selective service file that he did not appeal from the local board's decision, classifying him I–A. Since there is no evidence that an appeal from this decision would have been futile, self-defeating or wasteful, under the above decisions this Court would be required to bar any defense Mr. Griffin raised based on the alleged invalidity of his classification. However, since the National Director of the Selective Service System took an appeal for Mr. Griffin, this Court finds that the administrative remedies were sufficiently exhausted in this case to permit Mr. Griffin to raise the issue of the invalidity of his classification at this time.

and convictions of his own. The Justice Department also decided that certain facts in the case established that the defendant was insincere in his claim to be a Jehovah's Witness. From the hearing officer's investigation report it appeared that, although defendant's family members were Jehovah's Witnesses, the defendant was a Baptist and had not been baptized as a Jehovah's Witness. It also appeared that he was not active as a Jehovah's Witness and that his belief in its tenets was insincere.

The fundamental question in this case is to what extent can this Court review the decision made by the Department of Justice that the defendant was insincere in his alleged religious beliefs. In the case of Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953), the Supreme Court stated the applicable rule controlling judicial review of the draft board's classification of a registrant.

"The Universal Military Training and Service Act does not permit direct judicial review of selective service classification orders. Rather the Act provides, as did the 1917 and 1940 conscription Acts before it, that classification orders by selective service authorities shall be 'final.' However, in Estep v. United States, 1946, 327 U.S. 114, at pages 123–124, 66 S.Ct. 423, at page 427, 90 L.Ed. 567 (1946), a case arising under the 1940 Act, this Court said: at 122–123: 'The provision making the decisions of the local boards "final" means to us that Con-

gress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. *The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous.* The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant.'" *Id.* at 394, 74 S.Ct. at 156. (Emphasis added).

In selective service prosecutions the district court may not sit as super draft board and weigh the evidence which was before the board or evaluate its substantiality, but rather the district court can only determine if there was a basis in fact in the defendant's selective service file to support his ultimate classification of I–A. Witmer v. United States, 348 U.S. 375, 380–381, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Landau v. Allen, 424 F.2d 668, 671 (6th Cir. 1970), citing Dickinson, *supra* 346 U.S. at 396, 74 S.Ct. 152. In addition the Third Circuit in Scott v. Commanding Officer, 431 F.2d 1132 (3rd Cir. 1970), has required the board where it denies conscientious objector status to state in the registrant's selective service file why it has denied the classification. Where the board disbelieves the registrant, the file must also indicate "what the board did not believe and why". *Id.* at 1138.[2] However,

2. It is highly questionable whether the requirements of the *Scott* decision would be applicable in this case since Mr. Griffin's opportunity for administrative review arose prior to July of 1967 at a time when the absence of findings of the local board level was uncritical for the purposes of administrative review. United States v. Deans, 436 F.2d 596, p. 602 (3rd Cir. Filed January 6, 1971). In *Deans* the Third Circuit stated:
"* * * [W]e do not agree that the benefits of *Scott* in providing a proper administrative record for purposes of judicial review must necessarily also accrue to a registrant seeking adminis-

trative review prior to July of 1967, when the selective service statute and regulations were amended." *Id.* at 9. In the *Deans* case the court held that where the registrant, either intentionally or negligently, failed to exercise his administrative remedies in attacking the board's denial of a I–O classification in a pre-July of 1967 case the defendant was barred at trial from challenging the validity of his classification. Thus, as the Court of Appeals recognized, it was not directly faced with the question of *Scott's* applicability to a pre-July of 1967 case where the administrative remedies had been exhausted. *Id.* at 602.

where a factual basis is stated by the board in the file supporting its conclusion of a registrant's insincerity, the district court must treat the board's determination of the registrant's I–A classification as final.

■ This court, in following the analysis of the Third Circuit in United States v. Brown, 423 F.2d 751 (1970), finds that the record in the instant case contains a sufficient basis of fact supporting the Department of Justice's conclusion of insincerity and its recommendation to deny the I–O classification which the Appeals Board adopted. The *Brown* case involved a Jehovah's Witness who was convicted under 50 U.S.C. App. § 462 for refusing induction. The Appeal's Court upheld the board's denial of a I–O and I–A–O classification based upon a Department of Justice's recommendation.[3] The court first held that "[a] conscientious objector exemption must be based upon 'subjective religious beliefs of the particular individual, not upon the religious tenets of an organization of which he is a member.'" *Id.* at 754, *citing* Olguin v. United States, 392 F.2d 329, 331 (10th Cir. 1968); Keefer v. United States, 313 F. 2d 773, 776–777 (9th Cir. 1963). The *Brown* court held secondly that the burden of proof is upon the registrant to establish his entitlement to a conscientious objector classification and that the

registrant failed to meet that burden. *Id.* 423 F.2d at 754. The approach taken in *Brown* is directly applicable to this case. The Department of Justice not only concluded that Mr. Griffin had relied solely upon his religious status to establish his exemption but went further and set out bases of fact which supported their conclusion that Mr. Griffin was insincere in his claim to be a Jehovah's Witness.

■ The defendant also attacks Mr. Griffin's I–A classification on the ground that less than a quorum of the Local Board resided within the confines of the district served by that board. The validity of the defense was recognized by this district in United States of America v. Williams, 317 F.Supp. 1363 (E.D.Pa.1970) decided by Judge Masterson. In that case the district court ruling the I–A classification to be invalid held that the burden was upon the government to show that the board was validly constituted whenever the issue was raised by a showing that the board members did not reside within the district. Dealing with the same issue, Judge Fullam in United States of America v. James Richard Smith, Criminal No. 70–140 (E.D.Pa. Filed February 4, 1971), refused to recognize the validity of this defense.[4]

In this case, however, the defendant has failed to meet his burden of intro-

This court need not face this issue in Mr. Griffin's case because I find that the test in *Scott* was met by the content of the Department of Justice's recommendation to the Appeal's Board which was a part of the selective service file.

3. While the Third Circuit in Scott v. Commanding Officer, *supra*, did not refer to the *Brown* case, this court concludes that the Appeals Board by denying registrant's request for a I–O classification in accordance with the Department of Justice's recommendation, which included the reasons behind the recommendation and which became part of the selective service file, was a sufficient statement of reasons in the selective service file to meet the test of the *Scott* case.

4. While the Third Circuit has not interpreted 50 U.S.C.App. § 460(b) (3) and

32 C.F.R. § 1604.52(c), to determine if it mandates local board members to live in the *district* as well as the county in order for its classifications to be valid, several other circuits have deemed these provisions to be directory rather than mandatory. They have held that as long as all the members of the board live within the county where the board sits, the board will be deemed a de facto board even if some members live outside the board's district. United States v. Chaudron, 425 F.2d 605, 611 (8th Cir. 1970); *citing as controlling* Czepil v. Hershey, 425 F.2d 251 (7th Cir. 1970); United States v. Brooks, 415 F.2d 502 (6th Cir. 1969); *See also* Clay v. United States, 397 F.2d 901 (5th Cir. 1968); *contra*, United States v. Cabbage, 430 F.2d 1037, 1041 (6th Cir. 1970).

ducing evidence that board members did not reside in the district,[5] and, therefore, this Court, without ruling on the validity of this defense, finds that even if it were available it would not have been properly proved in this case. Where, as here, the record before the Court is barren of any contrary evidence, there is a rebuttable presumption in favor of the regularity of board proceedings. United States v. Chaudron, 425 F.2d 605, 610 (8th Cir. 1970); Rhyne v. United States, 407 F.2d 657, 660–661 (7th Cir. 1969); Greer v. United States, 378 F.2d 931, 933 (5th Cir. 1967); Keene v. United States, 266 F.2d 378, 380 (10th Cir. 1959). The burden of showing any procedural irregularity giving rise to substantial prejudice properly rests upon the registrant-defendant, not upon the government. United States v. Chaudron, *supra* 425 F.2d at 610; Little v. United States, 409 F.2d 1343, 1345 (10th Cir. 1969); United States v. Sandbank, 403 F.2d 38, 40 (2d Cir. 1968), cert. denied, 394 U.S. 961, 89 S.Ct. 1301, 22 L.Ed.2d 562 (1969); Lowe v. United States, 389 F.2d 51 (5th Cir. 1968). The defendant in this case has not met this burden because he has failed to submit any evidence that the board was improperly constituted.

This Court having rejected the defendant's claims that the board's classifying him I–A was improper, finds the defendant guilty of failing to perform a duty required by the Selective Service by refusing induction on July 19, 1968.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter, and venue is properly within this district.

2. On July 19, 1968, the defendant refused to be inducted into the Armed Forces as ordered by his local board.

3. The selective service file of the defendant reveals a basis in fact for the draft board's refusal to classify defendant I–O.

4. The local draft board was properly constituted and its actions taken in respect to defendant valid.

5. The defendant's refusal to be inducted into the Armed Forces constituted a violation of the Selective Service Act.

---

5. In this case the defense merely cross-examined the Field Supervisor for the Selective Service System for the State of Pennsylvania, one of whose functions is to have custody of the records of transferees from other local boards, asking him whether the members of the local board in West Virginia lived in the county and district where the local board sat; the witness was unable to answer these questions. The defendant offered no other proof nor took any other action to establish that the local board was improperly constituted.