John Paul SCHUSTER, Plaintiff,

v.

SELECTIVE SERVICE LOCAL BOARD NO. 76, Waukesha County, Wisconsin, and Curtis W. Tarr, National Director of Selective Service, Defendants.

Civ. A. No. 71–C–311.

United States District Court, E. D. Wisconsin.

Aug. 4, 1971.

Joan F. Kessler, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty. by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

## OPINION ON MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO DISMISS

### NATURE OF THE ACTION

REYNOLDS, Chief Judge.

John Paul Schuster, who has been classified a conscientious objector by his local board, seeks a judicial review, prior to the time he is to report for civilian work, of the civilian work assignment made by the local board. Injunctive and declaratory relief are sought.

Jurisdiction is asserted under 28 U.S.C.A. §§ 1361, 1391, and 2201. (It is noted that 28 U.S.C.A. § 1391 is a venue statute and not a jurisdictional statute.)

The case is presently before the court on the plaintiff's motion for an order temporarily restraining defendants from enforcing the order for civilian work and on the defendants' motion to dismiss the action.

### ALLEGATIONS OF THE COMPLAINT

The complaint alleges that plaintiff was classified I–O on March 2, 1970. It further alleges that on two subsequent occasions, March 13, 1970 and October 5, 1970, plaintiff offered to perform work as a math teacher at DuSable Upper Grade Center in Chicago, Illinois, where he was then presently employed and where he is under contract for the school year 1971–1972. On September 15, 1970, plaintiff submitted an "Application of Volunteer for Civilian Work" (SSS Form 151) by which he volunteered for civilian work only at DuSable Upper Grade Center. On several occasions Mr.

Schuster has written or caused to be written letters attempting to demonstrate that his job at DuSable is appropriate civilian work under the applicable regulations. There are further allegations that on three occasions plaintiff met with his Local Board pursuant to 32 C.F.R. § 1660–20(c) in an attempt to reach agreement on the type of civilian work he was to perform. It is also alleged that on four occasions the local board "arbitrarily, capriciously, and in blatant violation of the applicable statutes and Federal Regulations, refused to recognize plaintiff's requested civilian work as 'appropriate civilian work.'"

On May 5, 1971, the plaintiff was ordered to report for civilian work at the Goodwill Industries in Madison, Wisconsin. The reporting date has been extended twice and is now July 28, 1971.

### JURISDICTIONAL CONSIDERATIONS

The motions presently pending before the court focus on the threshold issue of the jurisdiction of the court to entertain this action.

Section 10(b) (3) of the Military Selective Service Act of 1967, 50 U.S.C.A. App. § 460(b) (3), provides in part:

"* * * No judicial review shall be made of the classification or processing of any registrant by local boards * * * except as a defense to a criminal prosecution instituted under section 12 of this title [section 462 of this Appendix], after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: * * *."

The plaintiff seeks to avoid the prohibition in § 10(b) (3) against judicial review of classification or processing prior to a registrant's response to an order to report for civilian work by relying on two decisions of the United States Supreme Court: Oestereich v. Selective Service System Local Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), and Breen v. Selective Service Local Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970).

Both *Oestereich* and *Breen* allowed preinduction review of I–A classifications. Oestereich had been classified IV–D, exempt from the draft as a student preparing for the ministry under § 6(g) of the Act. He returned his draft registration certificate to the Government in protest of the war in Vietnam. Thereafter his local board declared him delinquent and reclassified him I–A. Breen had been classified II–S, deferred from the draft as an undergraduate student under § 6(h) (1) of the Act. He returned his draft registration certificate to the Government in protest of the war in Vietnam. His Local Board declared him delinqent and reclassified him I–A.

In *Oestereich* the court held that there was no legislative authority to deprive one who qualified for a statutory exemption of such an exemption because of conduct or activity unrelated to the grant or continuation of the exemption. The court described the Local Board's conduct as basically lawless and further stated that in instances such as the one involved in *Oestereich*—

"* * * there is no exercise of discretion by a Board in evaluating evidence and in determining whether a claimed exemption is deserved. The case we decide today involves a clear departure by the Board from its statutory mandate. To hold that a person deprived of his statutory exemption in such a blatantly lawless manner must either be inducted and raise his protest through habeas corpus or defy induction and defend his refusal in a criminal prosecution is to construe the Act with unnecessary harshness. * * *" 393 U.S. 233, 238, 89 S.Ct. 414, 416.

The *Breen* case, which involved a statutory deferment, followed the reasoning and holding of *Oestereich* and determined that the order for induction involved "'a clear departure by the Board

from its statutory mandate.' " 396 U.S. 460, 467, 90 S.Ct. 661, 666.

The same day that *Oestereich,* supra, was decided, Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968), was decided. The *Gabriel* case involved a registrant who sought preinduction review of his board's rejection of his claim for conscientious objector status. The district court granted an injunction. The Supreme Court held this to be improper in that such a decision of the Local Board involved the exercise of its statutory discretion and "inescapably involves a determination of fact and an exercise of judgment." 393 U.S. 256, 258, 89 S.Ct. 424, 426. Section 10(b) (3) was enacted to prevent preinduction review of such determinations.

▮▮ The *Ostereich — Gabriel — Breen* trilogy has established the guidelines for the application of § 10(b) (3) of the Act. If the action of the Local Board is blatantly lawless, flouts the law, or is a departure from its statutory mandate, then the prohibition of 10(b) (3) is not applicable. If the action of the Local Board involves a determination of fact or the exercise of judgment or discretion on the part of the Board, then prohibition of § 10(b) (3) is applicable. Zerillo v. Local Board No. 102, 440 F.2d 136 (8th Cir. 1971); Fein v. Selective Service System Local Board No. 7, Yonkers, N. Y., 430 F.2d 376 (2d Cir. 1970); McCarthy v. Director of Selective Service System, 322 F.Supp. 1032 (E.D.Wis. 1970).

With these jurisdictional considerations in mind, an examination must be made of statutes and regulations governing the Local Board's determination of civilian work assignments for conscientious objectors.

## DETERMINATION OF APPROPRIATE CIVILIAN WORK FOR CONSCIENTIOUS OBJECTORS

Section 6(j) of the Act provides that a conscientious objector who is opposed to noncombatant service in the Armed Forces—

" * * * shall * * * be ordered by his local board * * * to perform * * * such civilian work contributing to the maintenance of the national health, safety, or interest as the local board pursuant to Presidential regulations *may* deem appropriate * * *." (Emphasis added.)

The regulations, 32 C.F.R. § 1660.1, define appropriate civilian work as follows:

"(a) The types of employment which may be considered under the provisions of section 6(j) of title I of the Military Selective Service Act of 1967, to be civilian work contributing to the maintenance of the national health, safety, or interest, and appropriate to be performed in lieu of induction into the armed forces by registrants who have been classified in Class I–O shall be limited to the following:

\* \* \* \* \* \*

"(2) Employment by a nonprofit organization, association, or corporation which is primarily engaged either in a charitable activity conducted for the benefit of the general public or in carrying out a program for the improvement of the public health or welfare, including educational and scientific activities in support thereof, when such activity or program is not principally for the benefit of the members of such organization, association, or corporation, or for increasing the membership thereof." (Emphasis added.)

Section 1660.10 governs the processing of volunteers for civilian work:

"Any registrant who is between the ages of 18 and 26 and who has been classified in class I–O, or who claims eligibility for classification in Class I–O, may volunteer at his local board for civilian work contributing to the maintenance of the national health, safety, or interest in lieu of induction. The local board shall promptly classify any such volunteer who claims eligibility for Class I–O. Each such vol-

unteer who is in Class I–O and who has been found qualified for service in the Armed Forces after his armed forces physical examination shall be processed in the same manner as a volunteer for induction except that, in lieu of induction, he shall be ordered by the local board to perform civilian work contributing to the maintenance of the national health, safety, or interest as defined in section 1660.1."

The determination of the type of civilian work to be performed is subject to the procedures set forth in 32 C.F.R. § 1660.20.

"(a) When a registrant in Class I–O has been found qualified for service in the Armed Forces after his armed forces physical examination or when such a registrant has failed to report for or to submit to armed forces physical examination, he shall, within ten days after a Statement of Acceptability (DD Form No. 62) has been mailed to him by the local board or within ten days after he has failed to report for or submit to armed forces physical examination, submit to the local board three types of civilian work contributing to the maintenance of the national health, safety, or interest as defined in section 1660.1, which he is qualified to do and which he offers to perform in lieu of induction into the Armed Forces. If the local board deems any one of these types of work to be appropriate, it will order the registrant to perform such work, but such order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O, *unless he has volunteered for such work.*

"(b) If the registrant fails to submit to the local board types of work which he offers to perform, or if the local board finds that none of the types of work submitted by the registrant is appropriate, the local board shall submit to the registrant by letter three types of civilian work contributing to the maintenance of the national

health, safety, or interest as defined in § 1660.1 which it deems appropriate for the registrant to perform in lieu of induction. The registrant, within ten days after such letter is mailed to him by the local board, shall file with the board a statement that he either offers to perform one of the types of work submitted by the board, or that he does not offer to perform any of such types of work. If the registrant offers to perform any one of the three types of work, he shall be ordered by the local board to perform such work in lieu of induction, but such order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O, *unless he has volunteered for such work.*

"(c) If the local board and the registrant are unable to agree upon a type of civilian work which should be performed by the registrant in lieu of induction, the State Director of Selective Service for the State in which the local board is located, or the representative of such State Director, appointed by him for the purpose, shall meet with the local board and the registrant and offer his assistance in reaching an agreement. The local board shall mail to the registrant a notice of the time and place of this meeting at least 10 days before the date of the meeting. If agreement is reached at this meeting, the registrant shall be ordered by the local board to perform work in lieu of induction in accordance with such agreement, but such order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O, *unless he has volunteered for such work.*

"(d) If, after the meeting referred to in paragraph (c) of this section, the local board and the registrant are still unable to agree upon a type of civilian work which should be performed by the registrant in lieu of induction, the local board, with the approval of the

Director of Selective Service, shall order the registrant to report for civilian work contributing to the maintenance of the national health, safety, or interest as defined in § 1660.1 which it deems appropriate, but such order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O, *unless he has volunteered for such work.*" (Emphasis added.)

The statute, § 6(j), and the regulation defining appropriate civilian work, 32 C.F.R. § 1660.1, by employing the word "may" clearly make the determination of appropriate civilian work a discretionary matter with the Local Board.

Section 1660.10, relating to volunteers for civilian work, does not provide that a registrant may volunteer for certain specified civilian work and thereby obligate his Local Board to order him to report for that civilian work assignment. This section is rather intended to be the vehicle for conscientious objectors to volunteer for civilian work and receive expedited processing so that he may be ordered to begin his civilian work as soon as possible. The determination of appropriate civilian work clearly resides in the Local Board under the procedures specified in 32 C.F.R. § 1660.20.

It is to be noted that in this case the plaintiff did not comply with § 1660.20 (a) in that he did not submit three types of civilian work to his Local Board, but rather limited his offer for civilian work to one particular job.

In United States v. Chaudron, 425 F. 2d 605 (8th Cir. 1970), cert. denied 400 U.S. 852, 91 S.Ct. 93, 27 L.Ed.2d 89, a registrant requested that he be allowed to continue in his job as a social caseworker in New York City in fulfillment of his civilian work obligation. When requested to designate three types of civilian work which he was qualified to perform, he listed only his job as a social caseworker. The Local Board did not deem this to be appropriate civilian work. The court upheld that determination and noted that "the authority to make certain *judgmental decisions* respecting the assignment of conscientious objectors to alternative civilian work in lieu of induction has been reposed by Selective Service law in the local boards." (Emphasis added.) 425 F.2d 605, 607. The court concluded that the registrant's conviction (for failure to report for civilian work) was "attributable to an unbending and adamant refusal to accept any civilian employment except that of his own choosing." 425 F.2d 605, 612.

The foregoing discussion makes it clear that the determination of appropriate civilian work is a matter that rests within the discretion of the Local Board, and, consequently, the prohibition against judicial review in § 10(b) (3) applies to this case. This court is without jurisdiction to entertain this action.*

---

* I believe that this conclusion is compelled by the present status of the law in this area. I do not wish this conclusion to be interpreted as reflecting my opinion that Schuster's Local Board acted wisely in this matter.