Ronald Kenneth HANNIGAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7926.

United States Court of Appeals Tenth Circuit.

Feb. 16, 1965.

G. Kevin Conwick, for appellant.

Thomas E. Joyce, Shawnee Mission, Kan., for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

MURRAH, Chief Judge.

This matter was heard on the government's motion to dismiss the attempted appeal in forma pauperis for failure to file a timely notice as required by Rule 37(a) (2) F.R.Crim.P. In his affidavit in support of his pro se petition for leave to appeal in forma pauperis, appellant stated that "his court-appointed counsel failed to file timely notice of appeal which would have raised 'a constitutional issue of law.'" In view of this statement, counsel was appointed, and he moved for Transcript of the Record in Forma Pauperis to determine whether the "Appellant may not have been 'represented by counsel' within the meaning of Rule 37(a) (2) at the sentencing and during the ten-day period prescribed for filing of notice of appeal", and whether the trial court "fulfilled its duty to protect defendant's right of appeal as required by said rule."

The record here shows that the appellant and a co-defendant were tried to a jury and convicted of a federal offense. Appointed trial counsel filed and argued a motion for new trial alleging seven grounds. The court overruled the motion and postponed formal sentence pending pre-sentence investigation and report. About twenty-five days later the appellant and his co-defendant, each represented by their trial counsel, appeared for sentence. Appointed counsel asked that appellant be given credit for the four and one-half months he had been in jail awaiting trial. Upon being asked if he had anything to say before sentence was imposed, counsel answered "no, sir." Whereupon, sentence was imposed and the court formally thanked counsel, but the record does not reflect whether counsel was discharged at that time from further representation of the appellant.

Appellant remained in jail for about ten days before being committed to the institution in which he is now confined. Nearly a month after his sentence, appellant wrote the District Judge asking that his sentence be reduced. The Court treated the letter as a motion to reduce sentence under Rule 35 and overruled it. Another month later, the appellant moved pro se for leave to appeal in forma pauperis. The Court first granted the appeal, then set it aside on motion of the government on the grounds that no timely notice had been filed.

██ At the time of imposition of sentence, the appellant was undoubtedly entitled to advice of counsel or the court concerning his unquestionable right to appeal. If counsel was discharged upon imposition of sentence without having advised his client of his right to appeal, and having protected him in the exercise of that right, it became the duty of the court under Rule 37(a) (2) to so advise the defendant and, if requested, cause the Clerk to "prepare and file forthwith a notice of appeal on behalf of the defendant."

██ The time for filing an appeal under Section 37(a) (2) does not commence to run until the defendant has been advised of his right to appeal and the effective assistance of counsel has been afforded. See Boruff v. United States, 5 Cir., 310 F.2d 918. Moreover, a convicted and confined person who has not been afforded the assistance of counsel concerning his right of appeal and the exercise thereof may collaterally attack his judgment of sentence under Rule 2255 for "plain error" in the trial of the case. See Fennell v. United States, (10 CA), 339 F.2d 920.

It may be that appointed trial counsel did advise appellant of his right to appeal, even before or after the imposition of sentence, and being fully advised in the premises the appellant determined to enter upon his sentence and pursue his remedy for reduction of it under Rule 35. But there is nothing on this record to show that appellant was so advised either by trial counsel or the court.

██ The case is accordingly remanded to the trial court for determination of these crucial facts. The findings of the trial court will then be duly certified to this Court for further proceedings consistent with those findings.