**UNITED STATES of America**

v.

**James Anderson DEANS, Appellant.
No. 18064.**

United States Court of Appeals,
Third Circuit.

Argued Sept. 15, 1970.

Decided Jan. 6, 1971.

Amedeo C. Jacovino, Friedman & D'Alessandro, East Orange, N. J., for appellant.

Garrett C. Brown, Asst. U. S. Atty., Newark, N. J. (Frederick B. Lacey, U. S.

Atty., Frederick W. Klepp, Asst. U. S. Atty., Newark, N. J., on the brief), for appellee.

Before STALEY, SEITZ and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Defendant, James Anderson Deans, was convicted on June 15, 1966 of knowingly refusing to submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462(a). Despite the fact that he was tried more than four years ago, has now been inducted into the Army, and has brought collateral proceedings in two United States district courts, defendant now comes before this court seeking to appeal his conviction.

Defendant's history of encounters with the Selective Service System and, more recently, the United States Army is long and varied. In January 1961, at age eighteen, defendant registered with his local draft board in Newark, New Jersey. Two years later, he was sent a Selective Service "Classification Questionnaire," which he completed and returned to the board after signing a printed statement that he was "conscientiously opposed to participation in war in any form." At the same time, he also requested a copy of the necessary form for claiming conscientious objector status (SSS Form No. 150). Defendant filed Form 150 with his local board on January 30, 1963, setting forth the nature of his beliefs but omitting certain other required information, such as the names of references who could attest to his sincerity.

Defendant's local board denied his conscientious objector claim on April 9, 1963, and notified him that he had been classified I-A (available for military service). Defendant neither requested a personal appearance nor appealed his classification to the state appeal board.

Defendant reported for a preinduction physical examination on March 20, 1964 and was found qualified under existing standards of acceptability. On its own motion, defendant's local board then reopened his classification, reviewed his entire file—including his conscientious objector claim—and voted to retain him in Class I-A. Although defendant was notified of the board's action on April 15, 1964, and thereby became entitled once again to request a personal appearance and/or seek review by the state appeal board, he exercised neither of these rights.

On February 15, 1965, defendant was ordered to report for induction on March 1, 1965. He appeared at the induction center on the stated date but refused either to submit to a new medical examination or to induction itself, explaining to the processing officer that "he belonged to the 'World of Islam' and military service was contrary to his religious beliefs."

Defendant was indicted for knowingly refusing to submit to induction into the Armed Forces, was convicted by a jury, and, on September 23, 1966, was sentenced to a term of three years imprisonment. He took no appeal but, rather, began petitioning the Attorney General for parole into the custody of the Armed Forces, pursuant to Exec.Order No. 11,325, 32 C.F.R. § 1643 (1967). His efforts finally met with success and, on July 16, 1968, he was inducted into the United States Army.[1]

On August 13, 1968, while stationed at Fort Jackson, South Carolina, defendant filed a petition for a writ of habeas corpus in the United States District Court for the District of South Carolina. The major portion of this petition was construed as an attack upon the validity of defendant's original sentence and was transferred to the District of New Jersey for consideration as a motion under 28 U.S.C. § 2255. Although the district

1. Defendant has previously made an unsuccessful challenge to the validity of his induction on the ground that he was unacceptable for military service because an indictment was pending against him in the New Jersey state courts. See United States ex rel. Deans v. Clifford, 420 F.2d 30 (3d Cir. 1970).

judge in the transferee court dismissed eleven of defendant's claims in an Opinion and Order dated May 1, 1969, he failed to dispose of Deans' additional allegation that he had not been advised of his right to appeal at the time of sentencing in violation of Fed.R.Crim.P. 32(a) (2).[2] We can only surmise that the district judge treated this claim as a request for leave to appeal, since he entered an order on April 14, 1969 permitting defendant to appeal *nunc pro tunc* as of September 23, 1966, the date of sentencing. After receiving defendant's notice of appeal, this court, by order of the Chief Judge, permitted an appeal to be docketed as of August 5, 1969.

## I

Because of the unusual posture of this case, we must first determine whether we have jurisdiction to hear defendant's appeal. At the time Deans was sentenced, Fed.R.Crim.P. 37(a) (2) required a defendant in a criminal case to note his appeal within ten days after the entry of judgment against him; even upon a showing of "excusable neglect," the district court was permitted to extend this time limit only for an additional thirty days. Compliance with these provisions has been described as both "mandatory and jurisdictional." United States v. Robinson, 361 U.S. 220, 224, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); see Fed.R.Crim.P. 45(b), 383 U.S. 1112 (1966).[2a] Nevertheless, when a defendant does not first become aware of his right to appeal until more than forty days after his sentencing, a strict application of the Federal Rules so as to effectively deny the defendant's right to appeal would create a harsh result indeed. Accordingly, we adopt the view that the mandatory time limit for perfecting an appeal does not begin to run until the defendant is actually notified of his rights. Miller v. United States, 356 F.2d 63 (5th Cir.), cert. denied, 384 U.S. 912, 86 S.Ct. 1357, 16 L.Ed.2d 365 (1966); Hannigan v. United States, 341 F.2d 587 (10th Cir.1965).

Federal Rule of Criminal Procedure 32(a) (2) requires the district court at the time of sentencing to advise each defendant of his right to appeal—including the right to proceed in forma pauperis—and of his right to have the clerk of the district court file a notice of appeal in his behalf. We have reviewed the transcript of Deans' sentencing and find that he was not so advised.[3] We are not unaware that some Circuits as well as the Supreme Court in Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), have held that the proper remedy under such circumstances is to remand to the district court for a resentencing, which would then mark the beginning of the time limit for noting an appeal. *E.g.*, Nance v. United States, 422 F.2d 590 (7th Cir. 1970). With the exception of United

2. Rule 32(a) (2), which became effective on July 1, 1966, provides as follows:
"After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in *forma pauperis*. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant."

2a. The provisions of former Criminal Rule 37(a) (2) are now contained in Fed.R. App.P. 4(b) without change of substance.

3. On the day of oral argument of this case, counsel for the Government attempted to supplement the record with the affidavit of defendant's trial counsel. This affidavit alleges that, at the time of sentencing, "Mr. Deans was advised both by myself and by the court that he had a right to appeal this conviction and that if he could not afford an attorney, one would be provided for him." As to the advice given by the court, the affiant is clearly contradicted by the sentencing transcript, which has subsequently become available. We give no weight to trial counsel's four-year-old recollection that he personally informed defendant of his rights off the record. There is no adequate substitute for compliance on the record with Rule 32(a) (2). *Cf.* McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L. Ed.2d 418 (1969).

States v. Smith, 387 F.2d 268 (6th Cir. 1967), however, these cases have come before the courts as challenges to the validity of the sentence itself under 28 U. S.C. § 2255. Here, on the other hand, the court below appears already to have granted § 2255 relief by entering its order of April 14, 1969, and the defendant's points of appeal have come before us fully briefed. For us to remand solely to require the formality of a resentencing would be a useless and time-consuming gesture. We therefore hold that we are not barred from exercising jurisdiction over this case for want of a timely appeal. *See* Boruff v. United States, 310 F.2d 918 (5th Cir.1962).

■ In addition, despite the fact that defendant has now been paroled into the United States Army, we do not lack jurisdiction because of mootness. *See* Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

## II

We now proceed to consider the merits of defendant's appeal. In essence, defendant seeks a reversal of his conviction on the ground that his induction order was invalid because there was no basis in fact for the local board's denial of his conscientious objector claim. Even though he failed to take advantage of the procedures which were available within the Selective Service System for review of his classification, he claims that the doctrine of exhaustion of administrative remedies was improperly applied by the trial court to bar his assertion of an invalid classification as a defense.[4]

In McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), the Supreme Court set forth a number of guidelines for the application of the exhaustion doctrine in selective service cases. The Court began with the premise that a registrant's failure to appeal his classification should not foreclose all judicial review in a criminal case unless there is a compelling governmental interest to be served in having the Selective Service System decide the case before it reaches the courts. The Court specifically noted that such an interest may exist when judicial review would be significantly aided by the System's making of a factual record or by its exercise of discretion or application of expertise. Applying these principles to the issue raised by McKart, involving statutory interpretation of the sole surviving son exemption, the Court found no governmental interest which would require exhaustion and held that judicial review should not be denied. In reliance on *McKart,* however, we have recently ruled that conscientious objector claims represent a type of exemption "requiring the full panoply of administrative consideration"; only if the registrant can clearly demonstrate that an appeal of his classification would be futile, self-defeating, or judicially wasteful will the exhaustion requirement be excused. United States v. Zmuda, 423 F.2d 757, 761 (3d Cir.1970).

Defendant maintains that such exceptional circumstances exist in the present case and that his failure to take an administrative appeal should not prevent a challenge to the validity of his classification in defense to a criminal prosecution. While he admits that he knew he had been classified I-A, he argues that he was poorly educated and did not fully understand the complexity of selective service procedures.

We note at the outset that defendant was sent two "Notice of Classification"

---

4. From a reading of the transcript, it is far from clear that this issue was raised in the court below. At trial, defendant sought only to have the validity of his classification submitted to the jury, which was clearly improper. Cox v. United States, 332 U.S. 442, 452–453, 68 S.Ct. 115, 92 L.Ed. 59 (1947). Although defendant never sought to have his local board's determination reviewed by the court itself, it appears from various portions of its charge that the court may have done so *sua sponte.* Nevertheless, we will proceed on the assumption that the court refused to review defendant's classification for want of exhaustion.

cards (SSS Form No. 110) between the time he submitted his conscientious objector application and the time he was ordered to report for induction.[5] Despite this fact, defendant first says he did not realize that his application had been rejected until he was actually ordered to report. Where, as here, a registrant is not initially classified until several months after he has applied for a deferment or exemption, his placement in Class I-A cannot be confused with any prior classification and constitutes effective notice that his application has been rejected. Furthermore, if defendant truly did not know the disposition of his conscientious objector claim, he failed to take reasonable steps to clarify his status during the nearly two years he was classified I-A—particularly since each Form 110 contained the following warning in bold type: "FOR INFORMATION AND ADVICE, GO TO ANY LOCAL BOARD." Under such circumstances, selective service regulations would have permitted defendant's local board to waive the time limit for taking an appeal. 32 C.F.R. § 1626.2(d).

Defendant's second excuse for not appealing his classification is that he did not know of his right to appeal. Nevertheless, on the back of each Notice of Classification were both a statement of defendant's rights to a personal appearance and/or appeal and an outline of the procedure for asserting these rights:

"NOTICE OF RIGHT TO PERSONAL APPEARANCE AND APPEAL

"If this classification is by a local board, you may, within 10 days after the mailing of this notice, file a written request for a personal appearance before the local board (unless this classification has been determined upon such personal appearance). Following such personal appearance you may file a written notice of appeal from the local board's classification within the applicable period mentioned in the next paragraph after the date of the mailing of the new notice of classification.

"Appeal from classification by local board may be taken by filing written notice of appeal with local board within one of the following periods after date of mailing of this notice, whichever is applicable: 10 DAYS, if both registrant and local board are located in the continental United States. * * *

"If an appeal has been taken and you are classified by the appeal board in either Class I-A, Class I-A-O, or Class I-O, and one or more members of the appeal board dissented from such classification, you may file a written notice of appeal to the President with your local board within 10 DAYS after the mailing of this notice."

We find that the receipt of Form 110 was adequate notice of defendant's right to appeal. Carson v. United States, 411 F.2d 631 (5th Cir.), cert. denied, 396 U.S. 865, 90 S.Ct. 143, 24 L.Ed.2d 119 (1969); Thompson v. United States, 380 F.2d 86, 89 (10th Cir. 1968). There was ample evidence to justify a finding that defendant was not unable to understand the information contained in Form 110 or its significance. *Compare* United States v. Harris, 302 F.Supp. 1194 (D.Or.1968). At the time he applied for conscientious objector status, he had completed three years of high school and was attending evening classes with a major in English to complete the additional one year necessary to obtain a diploma. He later became qualified as a sales representative for Great Books of the Western World. Before trial, defendant conceded to an FBI agent that he was not sure he had read the state-

---

5. Although defendant testified at trial that he only recalled receiving the first Form 110, the clerk of his local board verified that the second notice was sent to the proper address and was not returned by the Post Office. There is a rebuttable presumption that defendant received both notices. *See* United States v. Bowen, 414 F.2d 1268, 1276–1277 (3d Cir. 1969).

ment of his rights on Form 110. We believe this is the only possible explanation of why he did not understand that he had a right to appeal—if such was in fact the case. A registrant's willful or negligent failure to avail himself of information at his disposal cannot justify a failure to appeal. Carson v. United States, *supra*; Greiff v. United States, 348 F.2d 914 (9th Cir.1965).[6]

On the day of oral argument, defendant raised the additional claim that his failure to exhaust should be excused on the basis of our decision in Scott v. Commanding Officer, 431 F.2d 1132 (3rd Cir.1970), which had been filed that same day. In *Scott*, we adopted the rule that a local board's failure to state its reasons for rejecting a registrant's prima facie case for conscientious objector status vitiates the legality of his induction order. Since defendant's local board did nothing more than send him a notice that he had been classified I-A, it is now urged that defendant was deprived of the basis for taking a meaningful appeal and that exhaustion would have been futile.

■ Even assuming, *arguendo*, that defendant stated a prima facie case, we do not agree that the benefits of *Scott* in providing a proper administrative record for purposes of judicial review must necessarily also accrue to a registrant seeking administrative review prior to July of 1967, when the selective service statute and regulations were amended. Before the date of those amendments, an appeal from the denial of a conscientious objector claim was followed by an FBI investigation, a hearing before the Department of Justice at which the registrant was permitted to be heard on the "character and good faith" of his conscientious objections, an advisory recommendation by the Department, and an opportunity for the registrant to file a written reply to this recommendation with his appeal board. United States v. Brown, 423 F.2d 751, 756–757 (3d Cir.1970); United States v. Davila, 429 F.2d 481, 484–485 n. 5 (5th Cir.1970). Thus, defendant's appeal board would not only have examined the record compiled by the local board and exercised the same power of *de novo* review which it presently holds,[7] but it would also have utilized this additional fact-finding process to permit defendant to completely litigate anew both his sincerity and the legal sufficiency of his claim. Together these procedures made the absence of findings at the local board level uncritical for purposes of administrative review and, at the same time, made exhaustion of the appeal procedure critical. If defendant was erroneously classified I-A, such error would quite likely have been corrected within the Selective Service System.[8] We need not consider whether the absence of findings by the local board would excuse non-exhaustion in post-1967 cases or would require the application of *Scott*

---

6. In light of defendant's contention that he did not appeal because he did not know of his right to do so, we need not decide whether judicial review of a classification should be withheld from a registrant who knows of such right but has not exercised it solely because of his unfamiliarity with the exhaustion doctrine. *See* Lockhart v. United States, 420 F.2d 1143, 1147–1148 (9th Cir. 1969) (en banc).

7. Under 32 C.F.R. § 1626.26, a state appeal board does not perform a reviewing function as such. Rather, it considers "matters of classification de novo and its classification is one of first instance, not a mere affirmance or reversal of the Local Board * * *." DeRemer v. United

States, 340 F.2d 712, 719 (8th Cir. 1965); *see* McKart v. United States, *supra*, 395 U.S. at 198 n. 16, 89 S.Ct. 1657; United States v. McGee, 426 F.2d 691, 699 (2d Cir.), *cert. granted*, 400 U.S. 864 (1970) 91 S.Ct. 101, 27 L.Ed.2d 103 (1970).

8. "The Department of Justice recommended that exemption be granted in approximately 70 per cent of the conscientious objector cases that were appealed to the state boards. Report of the Task Force on the Structure of the Selective Service System VIII–3 (1967). The Department's recommendations generally are followed."
Lockhart v. United States, 420 F.2d 1143, 1154 n. 11 (9th Cir. 1969) (dissenting opinion).

for purposes of judicial review where the registrant has exhausted his administrative remedies before July of 1967.

Because defendant should have exhausted his administrative remedies, he was properly barred at trial from challenging the validity of his classification.

We have considered the other points raised in defendant's brief and find them all to be without merit.

The judgment of the ·district court will be affirmed.