Claude HOSKINS, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 71–1023.

United States Court of Appeals, Third Circuit.

Submitted Dec. 13, 1971.

Decided June 12, 1972.

272

Claude Hoskins, Jr., pro se.

Victor L. Schwartz, Asst. U. S. Atty., Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., for appellee.

Before VAN DUSEN and HUNTER, Circuit Judges, and LAYTON, District Judge.

## OPINION OF THE COURT

LAYTON, District Judge.

On January 15, 1970, defendant was tried by Court and found guilty on a two count indictment charging him with knowingly and unlawfully transporting a woman in interstate commerce for the purpose of prostitution and other immoral purposes. On March 12th, he was sentenced to 3 years confinement on each count, the sentences to run concurrently. At arraignment, trial and imposition of sentence, he was represented by privately retained counsel.

On April 1st, the trial judge directed that a letter of the defendant dated March 28th, which had been received March 30th, be treated as an application for an extension of time within which to file a notice of appeal. The Court denied this application for failure to show excusable neglect.

Later, on June 10, 1970, the Court ordered that another letter of defendant dated June 6th be treated as a petition for reconsideration or modification of his sentence. This petition was also denied.

On June 30, 1970, defendant filed a "Motion Pursuant to Title 28 U.S.C. § 2255" which the trial Court denied in an opinion dated November 6, 1970.

This appeal followed.

The defendant specifies three grounds for appeal: (1) that the trial court

abused its discretion in denying him a continuance in order to secure witnesses in his behalf; (2) that he was deprived of the effective assistance of counsel and (3) that at the time of imposition of sentence, the trial Court failed to comply with the provisions of Rule 32(a) (2) F.R.Cr.P.

As to the first two assignments of error, we have carefully studied the record and arguments of counsel and are of the opinion that they are without substance.

The third ground, however, requires a somewhat extensive answer.

The Federal Rules provide that:

"After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. . . . ." [1]

The record shows clearly that at his sentencing on March 12, the defendant was not informed of his rights to appeal. However, the record also clearly shows that the defendant had been clearly advised of his rights to appeal at the conclusion of his trial.[2]

The advisory Committee Note to the 1966 amendment of Rule 32(a) (2) stated the purpose for the changes:

"The court is required to advise the defendant of his right to appeal . . . because situations arise in which a defendant represented by counsel at the trial is not adequately advised by such counsel of his right to appeal. Trial counsel may not regard his responsibility as extending beyond the time of imposition of sentence. The defendant may be removed from the courtroom immediately upon sentence and held in custody under circumstances which make it difficult for counsel to advise him."

Defendant relies on the case of Rodriguez v. United States.[3] In that case, immediately after defendant had been sentenced, his retained counsel orally stated that he wished to appeal in forma pauperis. The sentencing judge told counsel that all motions had to be filed

---

1. Fed.R.Crim.P. 32(a) (2).

2. Transcript, pages 106–108:
   MR. WAINSTEIN: Excuse me. With Your Honor's permission so far as his appeal is concerned, if he elects to attempt to effectuate one, Your Honor, I would like to make an application to be relieved from any further responsibility with respect to an appeal.
   THE COURT: Well, he has no right of appeal yet.
   MR. WAINSTEIN: Yes, I understand that.
   THE COURT: No right of appeal accrues to him until I impose sentence. After I impose sentence he then has a right to appeal. At that time I think you may make such statement as you then deem appropriate.
   Your appearance is entered in this proceeding. You have represented him and I, of course, will expect you to continue to represent him at the time of the imposition of whatever sentence I do impose.
   MR. WAINSTEIN: Yes, Sir. I just wanted him to be able to think about that between now and then.

   THE COURT: Yes.
   Your counsel indicates that if you decide to appeal he will want you to get somebody other than him to represent you. That you can be thinking about in the meantime. You don't have a right to appeal until I impose a sentence on you. When I do you then have the right to appeal.
   Your present attorney will be present and represent you at the time I impose sentence. After that he wants you to understand that that terminates his representation and that, if you want to appeal you will have to have another attorney, whether employed by you or, whether, if you are without funds, appointed by this court or the Appellate Court. But on an appeal you do have the right, of course, to have counsel; you understand that.
   THE DEFENDANT: Yes, Sir.
   THE COURT: All right.
   MR. WAINSTEIN: Thank you, Sir.

3. 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969).

in writing and adjourned court, never advising defendant of his right to appeal. No written motions were filed by counsel, and the district court held that at the expiration of the ten day limit for filing a written notice of appeal, it lacked jurisdiction to consider the defendant's subsequent written motion. The trial court and the Court of Appeals also denied defendant's § 2255 motion for post-conviction relief. The Supreme Court reversed, holding, inter alia, that under the circumstances of the case, the defendant should be resentenced and his time period within which he might file a notice of appeal begin to run at that sentencing.[4]

Rodriguez was tried before Rule 32(a) (2) had been enacted. Rule 37(a) (2), which Rule 32(a) (2) replaced, read as follows:

"When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant."

Since the defendant had been represented by counsel, there was no requirement under the Rule as it then existed that the sentencing judge advise the defendant of his rights to appeal. In the *Rodriguez* opinion, the Court stated that pursuant to 32(a) (2):

"[T]he problem of determining whether to give notice to a person represented at trial, but who may not be represented on appeal, will therefore not recur."[5]

▪ At any rate, the determination of the Supreme Court that the defendant in *Rodriguez* must be resentenced, is not binding precedent which this Court is duty-bound to follow because of the fact that *Rodriguez* was based upon a superseded Federal Rule, which is no longer applicable.

However, most courts which have since ruled on the failure of the sentencing judge to advise a defendant of his right to appeal under Rule 32(a) (2) have determined the proper remedy to be the selfsame procedure utilized in *Rodriguez*, itself—reopening of the appeal, generally accomplished through remanding the matter to the trial court for resentencing.

▪ Clearly, the purpose of 32(a) (2) is to insure that each and every person convicted of a crime in a federal court be given timely and adequate notice of his appellate rights, regardless of whether he is represented by counsel or is indigent.[6] Where this purpose has been fully complied with and it can be inferred beyond a reasonable doubt that the defendant has full knowledge of his appeal rights, mere technical noncompliance with the provisions of 32(a) (2) should not require a resentencing absent a clear showing of prejudice. Where notice of the appeal rights is placed on the record in a formal judicial proceeding prior to sentencing and the interval between that proceeding and the sentencing is of a brief enough duration to ensure beyond a reasonable doubt that the notification will be fresh in the mind of the defendant at the time of the sentencing, the intent of the Rule should be held to have been complied with. In those cases where a resentencing has been ordered due to a failure to notify the defendant of his appeal rights at the time of sentencing, the clear evidence of a prior notification in the form of a record of a formal court proceedings was not present. United States v. Benthien, 434 F.2d 1031 (1st Cir. 1970) (notification by counsel after sentencing insufficient); United States v. Deans, 436 F.2d 596, 599 n. 3 (3d Cir. 1971)

---

4. *Ibid.*, 331–332, 89 S.Ct. 1715.

5. *Ibid.*, n. 3, at 331, 89 S.Ct. at 1718.

6. "The obvious purpose of Rule 32(a) (2) is to insure that all defendants who might wish to appeal are fully aware of their appeal rights." United States v. Benthien, 434 F.2d 1031, 1032 (1st Cir. 1970).

(notification by counsel not on the record is insufficient); United States v. Smith, 387 F.2d 268 (6th Cir. 1967) (request to counsel to file appeal insufficient); Nance v. United States, 422 F. 2d 590 (7th Cir. 1970) (knowledge by defendant insufficient); Paige v. United States, 443 F.2d 781 (4th Cir. 1971) (insufficient notification of appeal rights at sentencing).

However, in those cases where there was a formal judicial record of a notification prior to sentencing and the interval between the two proceedings was brief, it has been held that no resentencing is required for a failure to comply with Rule 32(a) (2). In Johnson v. United States, 453 F.2d 1314 (8th Cir. 1972), defendant was advised of his appeal rights immediately after the jury returned its verdict. At his sentencing 11 days later, the judge stated: "I have already explained to you your right to appeal. You understand that. You may go." Although this did not technically comply with Rule 32(a) (2), the court held that the spirit and purpose of the rule had been complied with and that a resentencing was not necessary. In *Johnson*, the brief time interval, 11 days, and the sentencing judge's admonitions insured beyond a reasonable doubt that the prior notification would be fresh in the mind of the defendant at the time of the sentencing. Likewise, in United States v. Chapman, 448 F.2d 1381 (3d Cir. 1971), the notification of appeal rights had been given on the record a brief time before the sentencing. The court held that mere technical noncompliance with Rule 32(a) (2)'s mandate to notify *after* sentencing did not require a resentencing. However, in Farries v. United States, 439 F.2d 781 (3d Cir. 1971), even though notification of appeal rights was given at a prior sentencing, the court held that a resentencing was required where new notification had not been given at a subsequent sentencing three months later.

■ In the instant action, defendant was fully informed of his appeal rights at the conclusion of his trial. Approximately seven weeks later, he was sentenced. At his sentencing, defendant was not informed of his appeal rights.

Without going so far as to say that the circumstances of many cases might not require a remand and resentence, based upon the facts of this case, it is our considered judgment that this ground of argument should be denied.

The order of the district court will be affirmed.