812 F.2d 1409
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank R. JOSEPH, Defendant-Appellant.
 No. 86-1714.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1987.
 
 Before WELLFORD, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of appellee's motion to dismiss the appeal as untimely filed. Appellant has filed a response and, pursuant to this Court's order of October 3, 1986, appellee has filed a further reply.
 
 
 2
 In December, 1984, appellant was convicted in the district court for the Eastern District of Michigan for violations of 18 U.S.C. Sec. 1962(c), 18 U.S.C. Sec. 1962(d), and 18 U.S.C. Sec. 894 for which he was sentenced to three concurrent terms of 18 months imprisonment. A direct appeal, however, resulted in the reversal of the convictions under the first and third statutes and the remand of the other for a determination as to the sufficiency of evidence. See United States v. Joseph, 781 F.2d 549 (6th Cir.1984). Pursuant to this Court's mandate, the district court conducted hearings on that question and on April 25, 1986, entered judgment reaffirming the conviction under 18 U.S.C. Sec. 1962(d) and reinstating the original sentence of 18-months imprisonment. Thereafter, appellant took no further action in regard to that judgment until he filed the present appeal on August 6, 1986. Appellee has therefore moved for the dismissal of the appeal as untimely filed pursuant to Fed.R.App.P. 4(b).
 
 
 3
 Appellant concedes that the notice of appeal in this case was not filed within the 10-day period allowed for taking that action, but argues that that failure should be excused as he was neither provided with notice of the entry of judgment as required by Fed.R.Crim.P. 49(c), nor given notice of his right to appeal as directed in Fed.R.Crim.P. 32(a)(2). Of those arguments, the former is without merit because Fed.R.Crim.P. 49(c), by its very terms, precludes its use as a basis for extending the time for filing the notice of appeal in this case. Cf. Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983).
 
 
 4
 As to appellant's second claim regarding Fed.R.Crim.P. 32(a)(2), examination of the record, particularly the transcripts of the hearings conducted upon remand, indicates that the district court did not comply with that rule by informing him of his right to appeal. Generally, such a failure must result in the vacating of the district court's judgment and the remand of the case for resentencing so as to allow the commencement of a new time period for filing a notice of appeal. Hannigan v. United States, 341 F.2d 587 (10th Cir.1985).
 
 
 5
 Appellee would evade that consequence by pointing to evidence contained in the record which indicates that appellant was at all times aware of his appeal rights, thereby rendering the district court's failure to satisfy the requirements of Fed.R.Crim.P. 32(a)(2) a mere technicality. Hoskins v. United States, 462 F.2d 271, 274 (3rd Cir.1972); Johnson v. United States, 453 F.2d 1314 (8th Cir.), cert. denied, 406 U.S. 927 (1972). Those cases are inapplicable to this appeal, however, as the district court in both Hoskins and Johnson, during the course of a proceeding on record occurring close in time to the imposition of sentence, did provide the defendants with notice of their right to appeal. Such simply did not take place in this case. Instead, this court has previously indicated that knowledge of a criminal defendant of his right to appeal does not excuse a district court of its responsibilities under Fed.R.Crim.P. 32(a)(2), compliance with which must appear on the face of the record. United States v. Smith, 387 F.2d 268 (6th Cir.1967) (per curiam ). Accord United States v. Deans, 436 F.2d 596 (3rd Cir.1971); Nance v. United States, 422 F.2d 590 (7th Cir.1970); Hannigan, supra.
 
 
 6
 Accordingly, it is ORDERED that the motion to dismiss be and hereby is denied and the judgment of the district court is vacated and remanded for the imposition of sentence.