Samuel RISTAGNO, Sr., Petitioner,

v.

UNITED STATES of America, Respondent.

No. 3:97–CV–0813
No. CR–90–308–1.

United States District Court, M.D. Pennsylvania.

March 24, 1998.

Samuel Ristagno, Loretto, PA, pro se.

John C. Gurganas, AUSA, for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

Pending before the Court is a motion for habeas corpus relief filed by Petitioner pursuant to 28 U.S.C. § 2255 and a "Memorandum of Law" in support of his motion to vacate his sentence. (Doc. 71). The Government filed a response to the Petitioner's petition on August 13, 1997. (Doc. 79). Ristagno filed a traverse to the governments response on September 2, 1997. (Doc. 80). For the reasons set forth *infra,* we shall grant the Petitioner's habeas corpus motion to the extent that we vacate the sentence.[1] However, the Petitioner's same sentence will be reimposed and the Petitioner's time to file an appeal will begin on the date of this order. The Petitioner's petition will be denied with respect to his ineffectiveness claim, Sixth Amendment Confrontation Clause

---

1. The petitioner's two motions for appointment of counsel will be denied. (Docs. 81 & 83). It is well established that appointment of counsel in a civil case is within the court's discretion. *Smith–Bey v. Petsock,* 741 F.2d 22, 24 (3d Cir. 1984). There is no constitutional right to appointed counsel in a civil case. *Mallard v. U.S. District Court for the Southern District of Iowa,* 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). The appointment of counsel in civil actions is only allowed in exceptional circumstances. *Cook v. Bounds,* 518 F.2d 779 (4th Cir.1975).

The United States Court of Appeals for the Third Circuit established for this Court, through its decision of *Tabron v. Grace,* 6 F.3d 147, (3d Cir.1993), *cert. denied,* 510 U.S. 1196, 114 S.Ct. 1306, 127 L.Ed.2d 657 (1994), several factors which are to be considered when deciding whether or not to appoint counsel. These factors are:

1) the merits of the plaintiff's case;

2) the plaintiff's ability to present his case, which depends on such factors as the Plaintiff's ability to understand the English language or restraints placed upon the Plaintiff by confinement, the Plaintiff's literacy, education, prior work experience and prior litigation experience;

3) the complexity of any legal issues germane to the case; and

4) the necessity for factual investigation. *Tabron,* 6 F.3d at 156–157. We note that this list of factors is not meant to be exhaustive.

After reviewing the Plaintiff's case in light of the above *Tabron* factors, we find that the Plaintiff is not entitled to appointed counsel. The Plaintiff's claims do not establish complex or incomprehensible legal issues which would be beyond the Plaintiff's understanding. Furthermore, it appears the Plaintiff is adequately able to present his case, as evidenced by the pleadings which he has filed with the court. We are of the opinion that the Plaintiff is fully competent to present his case.

claim, and his contention that the sentencing court imposed an improper sentence.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 1990, the Petitioner was arrested following a drug investigation conducted by the Federal Bureau of Investigation, the Pennsylvania Attorney General's Office, the Pennsylvania State Police, and the Wilkes–Barre Drug Task Force. (Doc. 79). As a result of a lengthy investigation conducted by the above named police agencies, Samuel Ristagno, Sr. was arrested on October 24, 1990 and subsequently indicted on November 20, 1990. The Petitioner was charged with one count of conspiracy to distribute cocaine and fourteen substantive counts of cocaine distribution and*or possession with intent to distribute cocaine. *Id.* at p. 8.

On February 6, 1991, the United States filed a motion for an arrest warrant and revocation of the Petitioner's pre-trial release based upon an investigation of the Petitioners involvement with the distribution of drugs subsequent to his arrest. *Id.* at pp. 8–9. A bail revocation hearing was held on February 7, 1991 at which time this Court concluded that Ristagno had engaged in criminal conduct in violation of the terms of his bail. (Doc. 77, p. 76).

On the day that the Petitioner was scheduled to go to trial, he indicated his desire to plead guilty to the charges listed in the indictment. A hearing was held in which the Petitioner changed his plea to guilty and the Court ordered the United States Probation Office to prepare a presentence investigation report in preparation for sentencing. (Doc. 79, p. 10). The presentence investigation report was prepared and Ristagno objected to the conclusions made by the United States Probation Office.

This Court conducted a sentencing hearing on October 9, 1991 at which time Ristagno placed his objections on the record. We determined that the conclusions reached by the United States Probation Office were valid and overruled the Petitioner's objections. The Petitioner was sentenced to a 235 month term of incarceration which is to be followed by a four year term of supervised release. The Petitioner did not appeal the imposition of this sentence. *Id.* at p. 11. At sentencing, this Court failed to inform Ristagno of his right to appeal.

### DISCUSSION

#### A. NOTICE OF RIGHT TO APPEAL

At the time of the Petitioner's sentencing, Federal Rule of Criminal Procedure 32(a)(2) read as follows:

> **(2) Notification of Right to Appeal.** After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal, including any right to appeal the sentence, and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, except that the court shall advise the defendant of any right to appeal the sentence. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant.

Fed.R.Crim.P. 32(a)(2).

"The circuit courts are divided on the question of what standard is used to review a sentencing court's failure to advise a defendant of his right to appeal." *Thompson v. United States,* 111 F.3d 109, 110 (11th Cir. 1997). A majority of circuit courts have held that the failure to advise a person of his right to appeal constitutes error per se. *Id.* However, two circuits have held that a petitioner must show some type of harm from the court's failure to notify a Defendant of his right to appeal. *Id.; Tress v. United States,* 87 F.3d 188 (7th Cir.1996); *United States v. Drummond,* 903 F.2d 1171 (8th Cir.1990), *cert. denied,* 498 U.S. 1049, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991); *see also Biro v. United States,* 24 F.3d 1140 (9th Cir.1994). Our circuit court has addressed this issue on a number of different occasions and has adopted a harmless error standard under

certain circumstances. *Hoskins v. United States*, 462 F.2d 271 (3d Cir.1972).

■ The Third Circuit has held that where a person is given notice of his right to appeal "and it can be inferred beyond a reasonable doubt that the defendant has full knowledge of his appeal rights, mere technical noncompliance with the provisions of 32(a)(2) should not require a resentencing absent a clear showing of prejudice." *Id.* at p. 274. The Third Circuit applied this prejudicial standard in *Hoskins* after it determined that a notice of the right to appeal was placed on the record in a formal judicial proceeding prior to sentencing. Although seven weeks had elapsed from the conclusion of *Hoskins'* trial and the sentencing hearing, the Third Circuit held that the defendant was fully informed of his appeal rights at the conclusion of his trial. *Id.* The circuit court reasoned that in circumstances where the interval of time between the proceeding in which the defendant was informed of his right to appeal and the sentencing hearing "is of a brief enough duration to ensure beyond a reasonable doubt that the notification will be fresh in the mind of the defendant at the time of the sentencing, the intent of the Rule should be held to have been complied with." *Id.*

However, the Third Circuit reached another conclusion in an earlier case where there was no notification on the record informing the defendant as to his right to appeal. *United States v. Deans*, 436 F.2d 596 (3d Cir.1971). In *Deans*, the district court failed to advise the defendant of his right to appeal his sentence at *any* formal judicial proceeding.(emphasis added). The government attempted to supplement the record with an affidavit by the defendant's trial counsel alleging that the defendant was informed of his right to appeal by the court and his attorney. The Third Circuit did not accept "trial counsel's four year-old recollection" and failed to find any indication on the record that the defendant was informed as to his right to appeal. *Id.* at p. 599. Our analysis of these two cases leads us to conclude that the stan-

dard set forth in *Hoskins*, only applies to a case where there exists evidence on the record that a defendant was informed of his right to appeal even if it was prior to sentencing. The Third Circuit has taken a different approach where there is no evidence on record that a defendant was informed of his right to appeal. In *Deans*, the Third Circuit held that where there was no evidence on the record which would indicate that the court informed a defendant of his right to appeal, Federal Rule of Criminal Procedure 32(a)(2) is not satisfied.

■ Based upon our review of the records pertaining to the Petitioner's case, we conclude that this court did not inform Ristagno of his right to appeal at the guilty plea or at the sentencing hearing. Under these circumstances, this court is constrained by the Third Circuit's analysis in *Deans* and must afford the Petitioner appropriate relief. Accordingly, we will vacate the Petitioner's sentence and reimpose the same sentence. It is our opinion that "conducting a formal sentencing hearing would be an empty exercise." *Gaeta v. United States*, 921 F.Supp. 864, 866 (D.Mass.1996). The record (including the PSI) fully establishes the reasonableness and the propriety of the sentence. It is at the low end of the proper range, and nothing has been brought to this Court's attention to change or alter these facts.

## B. *INEFFECTIVENESS CLAIM*

The Petitioner contends that his counsel was ineffective in that his attorney misled him into accepting a plea agreement. Specifically, Ristagno alleges that his attorney told him that if he proceeded to trial, he would receive a forty year sentence. Ristagno claims that he was advised to accept the plea agreement which would insure the minimum sentence by his acceptance of responsibility. The Petitioner also claims that his counsel was ineffective for *failing to inform him that he had a right to appeal his sentence.*[2] (Doc. 71, p. 4).

---

2. Based upon our determination to vacate and reimpose the Petitioner's sentence, we hold that Ristagno's ineffectiveness claim with regard to

his right to appeal is moot. However, we will address his other contentions.

The Government argues that the Petitioner has failed to demonstrate that his counsel was ineffective. (Doc. 79, p. 17).

A defendant has a Sixth Amendment right to "reasonably effective assistance" of counsel. The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), held that the test for judging any claim of ineffectiveness of counsel is whether the counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. The Court developed a two-prong test requiring the defendant to show: (1) counsel's performance was deficient and, (2) the deficient performance prejudiced the defense. Prejudice has been defined as a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Our Court of Appeals for the Third Circuit has reiterated that in order to establish ineffective assistance under *Strickland*, a habeas petitioner must: "show that his attorney's representation fell below an objective standard of reasonableness" and "any ineffectiveness that appears prejudiced the defense." *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir.1994), *cert. denied*, 512 U.S. 1230, 114 S.Ct. 2730, 129 L.Ed.2d 853 (1994).

Under the first prong of the standard set forth in *Strickland*, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; . . . .

*Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

In order to satisfy the second prong of the *Strickland* test, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at p. 694, 104 S.Ct. 2052.

■ In the context of a guilty plea, a movant must show that (1) his or her counsel's representation fell below an objective standard of reasonableness demanded of attorneys in criminal cases; and that (2) there is a reasonable probability that, but for counsel's errors, he or she would have proceeded to trial instead of pleading guilty. *U.S. v. Nahodil*, 36 F.3d 323, 326 (3d Cir.1994) (*citing Hill v. Lockhart*, 474 U.S. 52, 56–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

■ The record fails to substantiate the Petitioner's claim that he was not informed about the penalties he would receive by pleading guilty to the offenses that he was charged with committing. The record provides evidence that the Petitioner was well aware of the charges that were brought against him and the maximum and minimum penalties for the offenses to which he pleaded guilty. The Petitioner was so informed by the Court at the Guilty Plea. (Doc. 40, pp. 19–22). Although Mr. Ristagno stated at the Guilty Plea that it was the first time that the minimum and maximum sentences had been explained to him, Assistant United States Attorney John Gurganas stated that the Petitioner was so informed at the time of his arraignment. (Doc. 40, p. 22). Thus, he was not misled into the potential penalties for the offenses to which he pleaded guilty.

■ Next, the Petitioner claims that he was misled by his attorney into believing that he would receive only a five year sentence because he had accepted responsibility for

his crimes. Moreover, Ristagno argues that he was "given the impression" by the Court that he would receive a five year sentence by pleading guilty to all of the counts listed in the indictment. (Doc. 71, pp. 4–5).

Our review of the guilty plea transcript reveals that the Petitioner was informed as to the minimum and maximum sentences that he could receive as a result of his guilty plea. Specifically, the Court stated:

> If you enter a plea of guilty, and I will accept that plea, then I would ask the probation office to make a presentence report, and they would make that report available to you and counsel and Government counsel even before it gets to me.
>
> I will then review that pre-sentence reorter (sic), and I would review the crimes that you have pled guilty to. I would also have to look to the sentencing guidelines that you (sic) in effect in the United States Courts at this time, and I would have to determine where under those sentencing guidelines we would find the sentence and where the guidelines tell me the sentence is to be imposed, and I would have to impose, unless there is some very unusual circumstances to deviate from those guidelines. You and your counsel would know about those prior to the sentence being imposed.

(Doc. 40, p. 8)

In addition, the Court explicitly made clear that the Petitioner could receive the maximum sentence. The Court stated:

> The charge of distributing cocaine itself has a maximum penalty on it, regardless of how much is involved. With the sentencing guidelines, the sentencing guidelines take into consideration the amounts involved and they then determine or prescribe a sentence that's to be imposed depending on such variables as the (sic) amount of drugs involved, but the charge itself has a maximum penalty. You're charged with distributing cocaine. There is a maximum penalty and that's what I want the Government to tell us, what is the maximum at this point. That doesn't mean you'll be sentenced to that, but I

> want you to be aware that is the outside possibility in each case, . . . .

*Id.* at p. 20.

Although we do not have evidence pertaining to any conversation between Mr. Ristagno and his counsel, we are able to determine that the Petitioner was well informed as to the potential sentence. The Court made it very clear to Ristagno that he could face up to the maximum penalties for the crimes he pled guilty. Thus, even assuming that his counsel assured him that he would be sentenced only to a total of five years, the alleged incorrect advice was corrected by the Court. It is incredible to this Court that the Petitioner would have relied on advice of counsel which contradicted the explicit explanation by the Court as to the maximum potential sentence.

Our review of the plea hearing shows an effort by this Court to ensure the Petitioner that he was well aware of the offenses that he was charged with and the potential sentence that each charge carried. Furthermore, it is evident that Ristagno entered the plea agreement knowingly and voluntarily. The Petitioner has failed to provide this Court with evidence which would indicate that he would not have pleaded guilty and would have insisted on a trial. Thus, his counsel's alleged statements with regard to his potential sentence do not amount to an actual showing of prejudice.

The Petitioner has also failed to show unreasonable performance by his attorney. Based upon our review of the guilty plea proceeding, it is evident that an overwhelming amount of evidence existed which reflected the Petitioner's guilt. Ristagno has not provided sufficient evidence showing that his attorney's performance fell below an objective standard of reasonableness in allowing him to plead guilty instead of proceeding to trial.

## C. *SIXTH AMENDMENT RIGHT TO CONFRONT ACCUSERS*

■ The Petitioner also contends that his Sixth Amendment right to confront his accusers was violated. He argues that government agents testified at the sentencing hearing as to information told to them by

confidential informants. Ristagno alleges that he was precluded from cross examining his accusers, most of whom provided false information in an effort to reduce their own respective sentences. (Doc. 71, pp. 6–9).

██ "At sentencing, 'a convicted criminal is entitled to less process than a presumptively innocent accused.'" *U.S. v. Paulino*, 996 F.2d 1541, 1547 (3d Cir.1993)(*citing United States v. Mobley*, 956 F.2d 450, 455 (3d Cir.1992)). A sentencing judge may consider "largely unlimited" information which would be inadmissable at trial. *Roberts v. United States*, 445 U.S. 552, 556, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980).

██ The Sixth Amendment's confrontation clause is inapplicable to sentencing hearings. *U.S. v. McGlory*, 968 F.2d 309, 347 (3d Cir.1992). Moreover, the Federal Rules of Evidence do not apply to sentencing hearings. Fed.R.Evid. 1101(d)(3); *U.S. v. Kikumura*, 918 F.2d 1084,1100 (3d Cir.1990). Thus, hearsay evidence is admissible at sentencing if such evidence satisfies a "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *Paulino*, 996 F.2d at 1547.

This requirement of admissibility is derived from the United States Sentencing Commission's policy statement which recommended a standard of reliability which was stricter than that initially held by the Third Circuit Court of Appeals in *U.S. v. Baylin*, 696 F.2d 1030 (3d Cir.1982). *Paulino*, 996 F.2d at 1547. In *Baylin*, our circuit held that due process required that facts which were relied upon at sentencing must contain a "minimum indicia of reliability beyond mere allegation." *Baylin*, 696 F.2d at 1040. However, in *U.S. v. Miele*, 989 F.2d 659, (3d Cir.1993), the Third Circuit observed that the "sufficient indicia of reliability" standard of admissibility, which had been adopted by a number of other circuits, "should be rigorously applied." *Id.* at 664; *see also U.S. v. Brothers*, 75 F.3d 845, 848 (3d Cir.1996)(The use of hearsay in making findings for purposes of Guidelines sentencing violates neither the Sentencing Reform Act of 1984 nor the Due Process Clause).

Through our examination of the record, we determine that the hearsay statements of the agents had a sufficient indicia of reliability. The hearsay evidence relied on by the Court is supported by what the undercover agent observed herself and what was found at the apartment of the Petitioner upon his arrest. In addition, the evidence is further supported by a sufficient indicia of reliability based on what Ristagno testified to himself at the sentencing hearing. Accordingly, we hold that the hearsay evidence was appropriately admitted and that the Petitioner had no Sixth Amendment right to cross examine those witnesses who may have provided information to the police agencies involved with the investigation.

### D. *IMPROPER SENTENCING CLAIM*

The Petitioner argues that the court miscalculated his sentence based on the evidence of the quantities of cocaine that he distributed. Ristagno also contends that he did not obstruct justice and therefore should not have been given a 2 point sentencing enhancement. Moreover, he alleges that he should be credited with 2 sentencing points based upon his acceptance of responsibility. (Doc. 71, pp. 10–11).

#### a.) Miscalculation Claim

██ First, we shall address the Petitioner's miscalculation claim. Specifically, Ristagno contends that the sentencing court's factual determination that he was involved in the distribution of over 5 kilograms of cocaine was not supported by the evidence. He asserts that the district court should have excluded drugs which he used for his own personal use and that he was involved in distributing less than five kilograms of cocaine. Ristagno claims that this is supported by the evidence, or lack thereof, in the record. Ultimately, he contends that the amount of evidence offered by the government should have resulted in a base offense level of 28 rather than 32. *Id.* at pp. 10–12.

We find this argument is without merit. The government has outlined the evidence which clearly shows that Ristagno distributed more than five kilograms of cocaine throughout the course of the investigation

into his drug dealing. Agent Marrone testified that Nora Reilly had stated to her that the Petitioner would receive between five to seven ounces of cocaine twice a month from October, 1989 through November, 1990. (Doc. 39, pp. 70–72). For purposes of argument, the government conservatively approximated 10 ounces per month for twelve months which would lead to a conclusive determination of 120 ounces of cocaine throughout Nora Reilly's involvement with the conspiracy. *Id.;* (Doc. 79, p. 28). In addition, Agent Bradbury testified that he had been told by Carmen Mercadonte that he had purchased at least 95 ounces of cocaine from Ristagno during January to December of 1989. (Doc. 39, p. 99). Moreover, there was evidence presented at the sentencing hearing which showed that the Petitioner twice had Nora Reilly travel on his behalf to New York City, while he was released on bail, to purchase a total of ten ounces of cocaine. *Id.* at 4.

These calculations are supported by a preponderance of the evidence, *U.S. v. Brothers,* 75 F.3d 845, 848 (3d Cir.1996). Thus, based upon our discussion of the above mentioned agents' testimonies, we conclude that the government provided this court with sufficient evidence at the sentencing hearing to support our finding that Mr. Ristagno was involved in the distribution of over 5 kilograms of cocaine. Accordingly, Ristagno's involvement resulted in a base offense level of 32. U.S.S.G. § 2D1.1(c) Drug Quantity Table.

█ Ristagno further contends that the drugs he possessed for his personal use should not have been included in the drug quantity calculation under U.S.S.G. § 2D1.1. (Doc. 71, p. 17). The Petitioner supports his position by citing to *U.S. v. Kipp,* 10 F.3d 1463 (9th Cir.1993)("[d]rugs possessed for mere personal use are not relevant to the crime of possession with intent to distribute because they are not 'part of the same course of conduct' or 'common scheme' as drugs intended for distribution.").

We agree with the government's proposition that *Kipp* is distinguishable from the case at bar. In *Kipp,* the Ninth Circuit Court of Appeals held that the base offense level for a defendant convicted of possession with intent to distribute must be determined by the quantity of drugs possessed with the requisite intent, and not by the amount possessed for mere personal use. *Id.* at 1468. However, this rationale has been distinguished by a number of circuit courts where the offense charged is conspiracy to distribute cocaine. Thus, in the context of a conspiracy charge, it has been held that cocaine used by a member of the conspiracy is includable in the offense level calculation. For example, in *U.S. v. Innamorati,* 996 F.2d 456, 492 (1st Cir.1993), *cert. denied,* 510 U.S. 955, 114 S.Ct. 409, 126 L.Ed.2d 356 (1993), the First Circuit Court of Appeals held that "[t]he defendant's purchases for personal use are relevant in determining the quantity of drugs that the defendant knew were distributed by the conspiracy." This rationale has been followed by the Seventh and Eleventh Circuits. *See U.S. v. Snook,* 60 F.3d 394, 395 (7th Cir.1995); *U.S. v. Antonietti,* 86 F.3d 206, 209–210 (11th Cir.1996). Thus, based upon the above discussion, there exists sufficient evidence to support our conclusion that the Petitioner was responsible for over 5 kilograms of cocaine during the course of the conspiracy.

### b.) Obstruction of Justice

Next, Ristagno claims that he did not obstruct justice and therefore the court erroneously increased his sentencing factor by two points.

This Court determined at sentencing that the government sustained its burden in proving that the Petitioner had obstructed justice. (Doc. 39, p. 119). The appropriate United States Sentencing Guideline, at the time that the Petitioner was sentenced provides:

> If the Defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by two levels.

U.S.S.G. § 3C1.1 (1990).

█ The government bears the burden of proving by a preponderance of the evidence

that the defendant willfully obstructed or impeded, or willfully attempted to obstruct or impede, the administration of justice. *U.S. v. Belletiere,* 971 F.2d 961 (3d Cir.1992). The United States Supreme Court has defined the word "willfully" as an act which is intentional rather than accidental. *Screws v. U.S.,* 325 U.S. 91, 101, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945). Thus, in order to receive an upward adjustment pursuant to section 3C1.1, the government must prove that Ristagno intentionally obstructed or attempted to obstruct justice. *Belletiere,* 971 F.2d at 965.

█ The government has satisfied this burden. As the U.S. Attorney correctly points out, the Petitioner gave conflicting testimony at his bail revocation hearing with regard to the drug transactions between Nora Reilly, Venerany and himself. At his bail revocation hearing, Ristagno testified that he had nothing to do with Nora Reilly's trips to New York to purchase cocaine. However, at his sentencing hearing, he admitted that he was involved in the transaction between Nora Reilly and Venerany. (Doc. 39, p. 38). He admitted that he had not been truthful at the bail revocation hearing. *Id.* Many of the Petitioner's own statements and answers are indicative of one who deliberately lies, misleads, and seeks to diminish his own criminal behavior. Thus, a preponderance of the evidence shows that the Petitioner had attempted to obstruct justice.

#### c.) Acceptance of Responsibility

█ Finally, Ristagno, alleges that he is entitled to a two level decrease in his sentence for acceptance of responsibility through his guilty plea pursuant to U.S.S.G. § 3E1.1. This Court concluded at sentencing that there was no basis in the record which would indicate that the Petitioner accepted responsibility for his criminal acts. (Doc. 39, p. 120).

In *U.S. v. Ortiz,* 878 F.2d 125, 128 (3d Cir.1989), the Third Circuit held that a guilty plea alone, is not sufficient to warrant a reduction for acceptance of responsibility. Rather, a defendant must affirmatively demonstrate an acceptance of responsibility. U.S.S.G. § 3E1.1(a). At the time that the Petitioner was sentenced, the Guidelines section dealing with acceptance of responsibility stated:

(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by two levels.

(C) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.

U.S.S.G. § 3E1.1(a)(1990).

The United States Guidelines provide that the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, Comment, n.5. The Third Circuit has held that a sentencing judge may, in the exercise of his discretion, consider unlawful conduct committed by the defendant while on pretrial release while awaiting sentencing as well as any violations of conditions of pretrial release in determining whether the court should grant reduction in offense level for acceptance of responsibility. *U.S. v. Ceccarani,* 98 F.3d 126, 128–129 (3d Cir.1996).

Our finding at sentencing is consistent with this holding. While on pre-trial release, Mr. Ristagno continued to distribute cocaine. The testimony at the sentencing hearing clearly shows that the Petitioner did not accept full responsibility for his actions. In addition, he was not truthful at his bail revocation hearing with regard to his involvement with the transactions as evidenced by his testimony at the sentencing hearing. A reference to the record and the Court's finding on the date of sentencing, October 9, 1991, underscores the extent of the Defendant's conduct, his lack of credibility, and a total failure to accept responsibility for his criminal conduct.

Sometimes as I listen to statements made in a criminal case particularly, and particularly on the day of sentencing, and sometimes as I listen to testimony in a case of the type that has been presented here today, I try to think of words that come to mind that describe what's happening, or

what happened, or words that would describe the—what we hear about in this case, and I wrote some words down here such as sad, tragic, pitiful, dangerous, irresponsible, reckless, despair, deception, deceit, lying, cheating. I suppose if listed about ten more words I could summarize everything that's been said here today. We've probably been listening to, I suppose, a small representation of what happens in the drug business and the drug tragedy all across this country.

(Doc. 39, p. 115).

The Court further stated:

I find you [Mr. Ristagno] one of the most incredible people I've ever had before me. I can hardly believe anything you say. And that makes your case much weaker when you're trying to attack matters that are in the pre-sentence report, because what my job here on this kind of an occasion is—my decision rather, on this type of an occasion has to be based largely upon the credibility or the believability of the witnesses who appear here and tell what has happened. Your credibility is very low. You've told different stories at different times. You have apparently lied right here in the courtroom even under Oath. You have looked me straight in the eye, and told me on one occasion you had nothing to do with any of this business. You have then later pled guilty to the very charges that you said you had nothing to do with. And on many occasions you have just simply told tales that in themselves contain such contradictions that it makes it

impossible for one to put much credence in anything that you say.
*Id.* at p. 116.

Accordingly, Ristagno was not entitled to the two point reduction for acceptance of responsibility.

### CONCLUSION

Based upon our review, we determine that Ristagno's petition will be granted to the extent that his sentence will be vacated and the original sentence reimposed. However, his petition will be denied with respect to his claims for ineffectiveness of counsel, Sixth Amendment confrontation of his accusers at the guilty plea hearing, and improper sentencing.

### ORDER

NOW, this 24th DAY of MARCH, 1998, it is hereby ORDERED that:

1. The Petitioner's motion for habeas corpus relief (Doc. 71) is granted to the extent that the Petitioner's sentence is vacated. The Court reimposes, on the Defendant[3], the same sentence of 235 months of confinement to be followed by a four year term of supervised release. It is further Ordered that the sentence is subject to all of the terms and conditions imposed in the original sentence imposed on October 9, 1991. (*See* attached Judgment and Commitment Order regarding Criminal Action No. 90–308–01 dated October 10, 1991).

2. In order to fully protect the Petitioner's rights, we direct the Clerk of Court to file a notice of appeal to the United States Court of Appeals for the Third Circuit on behalf of the Petitioner.[4]

---

3. Samuel Ristagno, SR., in this action, is referred to as the Petitioner. It is noted that he was referred to as the Defendant in Criminal Action No. 90–308–01. The terms are used herein interchangeably.

4. The Petitioner is further instructed that you can appeal your conviction to the United States Court of Appeals if you believe that your guilty plea was somehow unlawful or involuntary, or if there is some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law.

With few exceptions, any notice of appeal must be filed within 10 days of judgment being entered in your case. If you are unable to pay the costs of an appeal, you may apply for leave to appeal *in forma pauperis,* and if approved, counsel will be appointed for you and you will not be required to pay any costs. If you so request, the clerk of the court will prepare and file a notice of appeal on your behalf.

To prevent the time for appeal from expiring, the Court has directed the clerk of court to file a notice of appeal on your behalf. If you intend to maintain an appeal, said appeal must be filed directly with the United States Court of Appeals for the Third Circuit.

3. The Petitioner's claim of ineffectiveness of counsel is denied.

4. The Petitioner's claim for an alleged Sixth Amendment violation is denied.

5. The Petitioner's contention that the sentencing court miscalculated his sentence is denied.

6. The Petitioner's two motions for appointment of counsel (Doc.'s 81 & 83) are denied.

7. The Clerk of Court is directed to close Civil Action No. 3:97–0813.